**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| Malikie Innovations Ltd. and Key Patent Innovations Ltd., | § | |
| Plaintiffs, | § | Case No. 2:25-CV-519-JRG-RSP |
| v. | § | JURY TRIAL DEMANDED [redacted] |
| Core Scientific, Inc. | § | |
| Defendant. | § | |

**PLAINTIFFS' SUR-REPLY IN OPPOSITION TO DEFENDANT CORE SCIENTIFIC, INC.'S MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(A)**

# TABLE OF AUTHORITIES

**Cases**

*Blemel Techs., LLC v. Nat'l Instruments Corp.*,
No. 2:15-CV-134-RWS-RSP, 2016 WL 1228744 (E.D. Tex. Mar. 29, 2016) .......... 4

*Def. Distributed v. Bruck*,
30 F.4th 414 (5th Cir. 2022) .......... 2

*ElectraLED, Inc. v. Astera LED Tech. GmbH*,
No. 2:24-CV-00512-JRG-RSP, 2025 WL 2778487 (E.D. Tex. Sept. 29, 2025) .......... 5

*In re Clarke*,
94 F.4th 502 (5th Cir. 2024) .......... 2

*In re HP Inc.*,
No. 2018-149, 2018 WL 4692486 (Fed. Cir. Sept. 25, 2018) .......... 4

*In re Planned Parenthood Fed'n of Am., Inc.*,
52 F.4th 625 (5th Cir. 2022) .......... 1, 4

*In re SAP Am., Inc.*,
133 F.4th 1370 (Fed. Cir. 2025) .......... 4

*In re Volkswagen of Am., Inc.*,
545 F.3d 304 (5th Cir. 2008) .......... 2

*Knott v. Completion Equip. Rental, Inc.*,
No. 2:22-CV-00313-JRG-RSP, 2024 WL 1298360 (E.D. Tex. Feb. 15, 2024) .......... 1

*Mathis v. EduCare Cmty. Living Corp.-Texas*,
No. 2:18-CV-00518-JRG-RSP, 2019 WL 13252677 (E.D. Tex. June 3, 2019) .......... 1

*Monterey Rsch., LLC v. Renesas Elecs. Corp.*,
No. 2:24-CV-00238-JRG, 2025 WL 1953107 (E.D. Tex. July 16, 2025) .......... 1

*Ollnova Techs. Ltd. v. ecobee Techs. ULC*,
No. 2:22-CV-00072-JRG, 2022 WL 1558499 (E.D. Tex. May 17, 2022) .......... 5

*Opulent Treasures, Inc. v. Portofino Int'l Trading USA, Inc.*,
No. 2:21-CV-00307-JRG, 2022 WL 1117430 (E.D. Tex. Apr. 14, 2022) .......... 4

*SK Nexilis Co. v. Solus Advanced Materials Co.*,
No. 2:23-CV-00539-JRG-RSP, 2025 WL 1384264 (E.D. Tex. May 13, 2025) .......... 4

*Warner Recs., Inc. v. Altice USA, Inc.*,
No. 2:23-CV-00576-JRG-RSP, 2024 WL 4201066 (E.D. Tex. Sept. 16, 2024) .......... 5

*Weatherford Tech. Holdings, LLC v. Tesco Corp.*,
No. 2:17-CV-00456-JRG, 2018 WL 4620636 (E.D. Tex. May 22, 2018) ................................. 1

*Zix Corp. v. Echoworx Corp.*,
No. 2:15-CV-1272-JRG, 2016 WL 7042221 (E.D. Tex. June 9, 2016) .................................... 1

CS has not met its burden of showing that the WDTX is a clearly more convenient forum. Public factors 1 and 2 weigh against transfer and factors 3 and 4 are neutral. Private factors 1 and 4 are neutral, factor 2 weighs against transfer, and factor 3 at most slightly favors transfer. On balance, the public and private factors weigh against transfer.

## I. The Public Interest Factors Do Not Favor Transfer

Public factor 1 (court congestion) weighs against transfer. CS's own statistics show that EDTX's median and average times to trial are *lower* than WDTX. Reply 1 (citing Exs. N, O). And this case is scheduled for trial *before* the MARA case in the WDTX. *Id.* As such, "[t]he case is timely proceeding to trial before this District," which weighs against transfer. *Monterey Rsch., LLC v. Renesas Elecs. Corp.*, No. 2:24-CV-00238-JRG, 2025 WL 1953107, at *8 (E.D. Tex. July 16, 2025) (citing *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 631 (5th Cir. 2022)); *see also Knott v. Completion Equip. Rental, Inc.*, No. 2:22-CV-00313-JRG-RSP, 2024 WL 1298360, at *5 (E.D. Tex. Feb. 15, 2024) (finding public factor regarding court congestion favored plaintiff based on trial statistics for EDTX and WDTX).

Public factor 2 (local interest) also weighs against transfer. CS's motion ignores the accused activities that took place in EDTX—which previously outpaced the accused activities in WDTX—and the strong connections those activities have with the forum. Opp. 2-8. CS's arguments regarding WDTX's local interests do nothing more than establish that *both* venues have localized interests. This Court has repeatedly found similar facts result in this factor being neutral. *See, e.g.*, *Weatherford Tech. Holdings, LLC v. Tesco Corp.*, No. 2:17-CV-00456-JRG, 2018 WL 4620636, at *6 (E.D. Tex. May 22, 2018); *Mathis v. EduCare Cmty. Living Corp.-Texas*, No. 2:18-CV-00518-JRG-RSP, 2019 WL 13252677, at *5 (E.D. Tex. June 3, 2019); *Zix Corp. v. Echoworx Corp.*, No. 2:15-CV-1272-JRG, 2016 WL 7042221, at *4 (E.D. Tex. June 9, 2016). CS has failed

to show that the local interest—the citizens' stake in in the resolution of this controversy—is greater in WDTX. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 318 (5th Cir. 2008).

CS does not dispute that Denton had a significant financial stake in CS's bitcoin mining operations or that those operations employed local citizens, some of whom likely have relevant knowledge and therefore are potential witnesses. Opp. 5-7; Reply 2-3; *see also* Reply 4 n.6 (acknowledging that current or former employees in Denton might have relevant knowledge)[1]. These deep-seated connections to EDTX are not mere connections of "the *parties* ... to the venue" as CS suggests, Reply 3 n.2 (emphasis added), "but rather [show] significant connections between [EDTX] and the events that gave rise to a suit." *In re Clarke*, 94 F.4th 502, 511 (5th Cir. 2024); *Def. Distributed v. Bruck*, 30 F.4th 414, 435 (5th Cir. 2022) ("Important considerations include the location of the injury [and] witnesses ...."). CS has not shown equivalent connections in WDTX. Moreover, CS's argument that its conversion to HPC will provide potentially greater economic benefits to Denton does not diminish the fact that CS's bitcoin mining operations undisputedly occurred in EDTX, created a significant financial connection with Denton, and employed local citizens. *Id.* CS also ignores the fact that Denton and its Council members openly embraced CS's bitcoin mining business on the promise that it would generate millions of dollars of desperately needed annual revenue[2] and would promote Denton's renewable energy interests.

[1] CS tries to diminish the relevance of its EDTX employees by characterizing them as "low-level" personnel whose jobs "do not require a college degree." Reply 4. This is irrelevant. As demonstrated in Plaintiffs' Opposition brief, these employees had job titles and responsibilities that put them squarely within the realm of having knowledge relevant to the issues in the case. Opp. 5-6, 11. Their formal education level is immaterial.

[2] The negative impact that Defendant's abrupt relocation of its bitcoin mining operations had on Denton underscores the deep connection between the accused activities and this District. *See* Ex. 17 (Kezar Dep. Exhibit 22) ([redacted]"); Ex. 2 (Kezar Dep. Tr.) at 311:12-19 ("Q. When he says that, "[redacted]

Ex. 16 at 2 ("'We are honored to have been selected as the site of Core Scientific's first blockchain data center in Texas,' said Denton Mayor Gerard Hudspeth. 'The company's commitment to 100% net carbon-neutral operations aligns well with the goals of the Denton Renewable Resource Plan and the long-term interests of our citizens. The economic benefits of this project to our community will be realized for many years to come and we look forward to working with Core Scientific as part of this rapidly-growing industry.'"); Exs. 18-19 (reporting $9M-$18M in anticipated annual revenue to Denton); Ex. 20 at 2 ("This plant will be built. There's no question of that. And about the best place on the face of the planet to put it is Denton, Texas.").

In light of the foregoing and CS's concession that public factors 3 (familiarity with the governing law) and 4 (conflicts of law) are neutral, Mot. 10; Reply at 3 n.3, the public interest factors on balance weigh against transfer.

## II. The Private Interest Factors Do Not Favor Transfer

Private factor 1 is neutral. Opp. 9-10. CS "maintains" its documentary evidence (including source code) in a cloud-based network that is physically located in Ohio. *Id.* The "relative ease of access" therefore favors neither venue because the evidence is accessible in the same way from EDTX as it is from WDTX (via the Internet) and thus just as easily.[3] *Id.*; Ex. 2 at 260:15-261:12 (confirming access is via "an internet connection").

CS also never explains why the presence of mining machines in WDTX matters. The firmware for the mining machines (along with CS's additional software) is accessible over the

---

[redacted]").

[3] *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013), is inapposite. Because Defendant's documents and source code are in a cloud-based network accessible anywhere via the Internet, the relative "inconvenience to the parties if they had to transport documents" is not at issue. *Id.*

internet. Opp. 10. And the human-readable source code for the mining machines (which CS apparently does not have) would have to come from the foreign-based manufacturer.[4]

CS's analysis of public factor 2 (compulsory process) is critically flawed. CS asks the Court to favor its "seven employees that will testify at trial" over the dozen-plus other witnesses identified by Plaintiffs, including 12 non-parties (nine former Core Scientific employees, BlackBerry, Sean McBeath, and PPS). Opp. 11-12; Reply 3-4. If anything, CS's witnesses should be given relatively less weight because they are not ***unwilling*** witnesses, which is what this factor considers. *In re Planned Parenthood*, 52 F.4th at 360-31; *see Opulent Treasures, Inc. v. Portofino Int'l Trading USA, Inc.*, No. 2:21-CV-00307-JRG, 2022 WL 1117430, at *3 (E.D. Tex. Apr. 14, 2022) ("[W]hen there is no indication that a non-party witness is willing, the witness is presumed to be unwilling and considered under the compulsory process factor." (quoting *In re HP Inc.*, No. 2018-149, 2018 WL 4692486, at *3 n.3 (Fed. Cir. Sept. 25, 2018)). CS's argument that its witnesses are more "knowledgeable" is irrelevant at this stage and should be given no weight. *In re SAP Am., Inc.*, 133 F.4th 1370, 1375 (Fed. Cir. 2025) (finding it "unnecessary" to show a "potential witness has more than relevant and material information at this point in the litigation"). On balance, this factor also weighs against transfer.

Private factor 3 (convenience and cost to willing witnesses) at most only slightly favors transfer. CS asserts it would be a "major inconvenience" for its six witnesses in WDTX to testify in Marshall. Reply 5. But five of those witnesses are located in Austin, and travel between Austin and Marshall is "relatively inexpensive," *SK Nexilis Co. v. Solus Advanced Materials Co.*, No. 2:23-CV-00539-JRG-RSP, 2025 WL 1384264, at *6 (E.D. Tex. May 13, 2025), and only "[a]bout 275 miles separate Marshall from Austin," *Blemel Techs., LLC v. Nat'l Instruments Corp.*, No.

[4] Bitmain is located in China. Ex. 21.

2:15-CV-134-RWS-RSP, 2016 WL 1228744, at *4 (E.D. Tex. Mar. 29, 2016). As to CS's one witness in Wilmington, North Carolina, the Fifth Circuit's 100-mile rule favors this district, as Wilmington is closer to Marshall than Austin. *Warner Recs., Inc. v. Altice USA, Inc.*, No. 2:23-CV-00576-JRG-RSP, 2024 WL 4201066, at *3 (E.D. Tex. Sept. 16, 2024) (applying 100-mile rule); *ElectraLED, Inc. v. Astera LED Tech. GmbH*, No. 2:24-CV-00512-JRG-RSP, 2025 WL 2778487, at *4 (E.D. Tex. Sept. 29, 2025) (same); Declaration of Philip J. Eklem in Support of Plaintiffs' Sur-Reply in Opposition to Defendant's Motion to Transfer ¶¶ 2-3. Regarding CS's one witness in Pecos, the 100-mile rule favors Austin. *Id.* ¶ 4-5. On balance, the Court should find that this factor at most slightly favors transfer.

Private factor 4 (practical problems) is neutral. CS argues that transferring this case to WDTX would reduce possible inconsistent rulings as to claim construction and validity. Mot. 15; *see* Reply 5 ("The MARA Case is proceeding in parallel with a Feb. 18, 2026, *Markman* hearing."). But this Court has previously found this factor neutral under virtually identical circumstances. In *Ollnova Techs. Ltd. v. ecobee Techs. ULC*, No. 2:22-CV-00072-JRG, 2022 WL 1558499 (E.D. Tex. May 17, 2022), Ollnova sued ecobee in EDTX. *Id.* at *3. On the same day, Ollnova simultaneously sued Google in WDTX on the same four patents plus one additional patent. *Id.* As CS does here, ecobee argued that "allowing multiple cases to proceed in separate venues could result in inconsistent determinations on matters such as claim construction and invalidity." *Id.* The Court rejected ecobee's argument, finding this factor "essentially neutral." *Id.* at *4. The Court should reach the same conclusion here.

Dated: October 31, 2025

*/s/ Philip J. Eklem*
Philip J. Eklem – LEAD ATTORNEY
**REICHMAN JORGENSEN LEHMAN & FELDBERG LLP**
1909 K Street NW, Suite 800
Washington DC, 20006
Tel: (202) 894-7310
peklem@reichmanjorgensen.com

Khue V. Hoang
**REICHMAN JORGENSEN LEHMAN & FELDBERG LLP**
400 Madison Avenue, Suite 14D
New York, NY 10017
Tel: (212) 381-1965
khoang@reichmanjorgensen.com

Matthew G. Berkowitz
**REICHMAN JORGENSEN LEHMAN & FELDBERG LLP**
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Tel: (650) 623-1401
mberkowitz@reichmanjorgensen.com

*Attorneys for Plaintiffs Malikie Innovations Ltd. and Key Patent Innovations Ltd.*

*Of Counsel*:

Andrea L. Fair
Texas Bar No. 24078488
Claire Abernathy Henry
Texas State Bar No. 24053063
**MILLER FAIR HENRY PLLC**
1507 Bill Owens Pkwy.
Longview, TX 75604
Tel: (903) 757-6400
andrea@millerfairhenry.com
claire@millerfairhenry.com

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed electronically on October 31, 2025 pursuant to Local Rule CV-5(a) and has been served on all counsel who have consented to electronic service via electronic mail.

*/s/ Claire Abernathy Henry*
Claire Abernathy Henry

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I certify that the foregoing document was filed under seal pursuant to the Protective Order entered in this matter on August 6, 2025.

*/s/ Claire Abernathy Henry*
Claire Abernathy Henry