**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| Malikie Innovations Ltd. and<br>Key Patent Innovations Ltd.,<br><br>Plaintiffs,<br><br>v.<br><br>Core Scientific, Inc.<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 2:25-CV-519-JRG-RSP<br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS' OPPOSED MOTION FOR LEAVE TO AMEND COMPLAINT AND INFRINGEMENT CONTENTIONS**

## TABLE OF CONTENTS


**I. BACKGROUND** ........................................ **1**

**II. LEGAL STANDARD** ........................................ **3**

**III. ARGUMENT** ........................................ **4**

A. None of the Rule 15 Factors Warrant Denial of Leave to Amend........................................ 4

B. Malikie Has Shown Good Cause to Amend the Complaint and its Infringement Contentions. ........................................ 7

**CONCLUSION** ........................................ **9**

# TABLE OF AUTHORITIES

**Cases**

*Apex Beam Techs. LLC v. TCT Mobile Int'l Ltd.*,
No. 2:21-CV-00438-JRG, 2024 WL 1744063 (E.D. Tex. Apr. 22, 2024) ........................ passim

*EMG Tech., LLC v. Vanguard Grp., Inc.*,
No. 6:12-cv-543, 2014 WL 12597427 (E.D. Tex. May 12, 2014) ........................................... 9

*Engstrom v. First Nat. Bank of Eagle Lake*,
47 F.3d 1459 (5th Cir. 1995) ........................................................................................ 3

*Estech Sys., Inc. v. Target Corp.*,
No. 220CV00123JRGRSP, 2020 WL 6534094 (E.D. Tex. Aug. 27, 2020) ............................. 7

*Foman v. Davis*,
371 U.S. 178 (1962)........................................................................................................ 3

*H&R Block Tax Servs., Inc. v. Jackson Hewitt Tax Serv., Inc.*,
No. 6:08cv37, 2008 WL 11265109 (E.D. Tex. Dec. 23, 2008)......................................... 5, 7, 8

*Hillman Grp., Inc. v. Keyme, LLC*,
No. 2:19-CV-00209, 2020 WL 6938441 (E.D. Tex. Oct. 23, 2020) ........................................ 4

*IDB Ventures, LLC v. Charlotte Russe Holdings, Inc.*,
360 F. Supp. 3d 541 (E.D. Tex. 2018)............................................................................. 3

*Insituform Technologies, Inc. v. CAT Contracting, Inc.*,
385 F.3d 1360 (Fed. Cir. 2004) ...................................................................................... 3

*Keranos, LLC v. Silicon Storage Tech., Inc.*,
797 F.3d 1025 (Fed. Cir. 2015) ..................................................................................... 4

*LBS Innovations, LLC v. Aaron Bros., Inc.*,
No. 2:11-CV-142, 2012 WL 12897919 (E.D. Tex. Nov. 9, 2012)............................................ 9

*Netlist, Inc. v. Samsung Elecs. Co., LTD.*,
No. 2:22-cv-00293-JRG, 2023 WL 5532133 (E.D. Tex. Aug. 28, 2023) ......................... passim

*OnPoint Sys., LLC v. Protect Animals With Satellites*, LLC,
No. 4:20-CV-657, 2021 WL 3140562 (E.D. Tex. July 26, 2021) ......................................... 6, 8

*Pressure Prods. Med. Supplies v. Greatbatch Ltd.*,
599 F.3d 1308 (Fed. Cir. 2010) ..................................................................................... 3

*S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*,
315 F.3d 533 (5th Cir. 2003) ..................................................................................... 3, 4

*Stripling v. Jordan Prod. Co.*,
234 F.3d 863 (5th Cir. 2000) ......................................................................................... 3

*Team Worldwide Corp. v. Wal-Mart Stores, Inc.*,
No. 2:17-CV-00235-JRG, 2018 WL 3533362 (E.D. Tex. July 23, 2018)................................. 3

*Wiggins v. La. State Univ.-Health Care Servs. Div.*,
710 F. App'x 625 (5th Cir. 2017) ........................................ 6

**Rules**

Fed. R. Civ. P. 15(a) ........................................ 3, 4

Fed. R. Civ. P. 15(a)(2) ........................................ 4

Fed. R. Civ. P. 16(b) ........................................ 3, 4

Pursuant to Rules 15 and 16 of Federal Rules of Civil Procedure, Plaintiffs Malikie Innovations Ltd. and Key Patent Innovations Ltd. ("Plaintiffs") respectfully request leave to amend their complaint ("First Amended Complaint" or "FAC") to assert one additional patent, U.S. Patent No. 8,712,039 (the "'039 patent"), against Defendant Core Scientific, Inc. ("Defendant" or "Core Scientific"). Plaintiffs further move to amend their infringement contentions to include the new patent, as well as additional infringement allegations under currently-asserted U.S. Patent No. 8,532,286 (the "'286 patent"). A copy of Plaintiffs' FAC is filed with this Motion as Exhibit 1, and a redline of Plaintiffs' FAC over Plaintiffs' original Complaint is filed with this motion as Exhibit 2. Allowing Plaintiffs to amend their Complaint and infringement contentions—rather than requiring Plaintiff to file a separate case—would result in efficiencies for both the Court and the parties. And, given the early stage of this case, there is ample time for the parties to address the new patent and allegations and would not result in any prejudice to Defendant.

## I. BACKGROUND

Plaintiffs filed their original Complaint against Defendant on May 12, 2025. Dkt. No. 1. The Complaint asserted five patents: U.S. Patent Nos. 8,788,827; 10,284,370; 8,666,062; 7,372,960; and 8,532,286 (collectively, the "Asserted Patents"). *Id.* ¶ 6. The Complaint alleges infringement of the Asserted Patents by Defendant in connection with Defendant's bitcoin mining operations. *Id.* ¶¶ 45-53.

A scheduling conference was held on July 16, 2025. Dkt. No. 18. Plaintiffs served their infringement contentions on July 17, 2025. Dkt. No. 19. On July 20, 2025, Defendant filed a Motion to Dismiss Plaintiffs' Complaint under Rule 12(b)(6) and 35 U.S.C. § 101. *See* Dkt. Nos. 20, 38, 41, 42. Defendant has not yet answered the Complaint. On July 24, 2025, Defendant filed a Motion to Transfer this case to the Western District of Texas. Dkt. Nos. 23, 45, 49, 50. The Court entered a Docket Control Order on August 4, 2025. Dkt. No. 29. Defendant served its

Invalidity Contentions on September 12, 2025, pursuant to the Court's First Amended Docket Control Order. Dkt. No. 40. The parties conducted venue-related discovery until October 3, 2025, and briefing on Defendant's transfer motion closed on October 31, 2025. Dkt. Nos. 30, 44.

The deadline to exchange proposed claim terms (marking the beginning of claim construction proceedings) is not until March 20, 2026, and the *Markman* hearing is scheduled for July 24, 2026. Dkt. No. 40. The deadline to file amended pleadings is May 8, 2026.[1] *Id.* Outside of venue-related discovery, no depositions have been noticed or taken. And fact discovery does not close until August 25, 2026. *Id.* Accordingly, this case is in its early stages.

On November 10, 2025, Plaintiffs informed Defendant that they intended to move to amend their Complaint and infringement contentions to assert the '039 patent and to include additional allegations of infringement against Defendant's high-performance computing ("HPC") operations. Declaration of Philip J. Eklem in Support of Plaintiffs' Motion to Amend Complaint and Infringement Contentions ("Eklem Decl.") ¶ 2. The '039 patent relates generally to efficient implementations of hash algorithms on a computer processor. Ex. 3. Plaintiffs' proposed First Amended Complaint ("FAC") adds allegations that Defendant infringes the '039 patent in connection with its bitcoin mining operations and its HPC operations. Ex. 1 ¶¶ 6, 48, 53-56, 60, 63, 114-119, 165-171. It also adds allegations that Defendant infringes the'286 patent in connection with its HPC operations (*i.e.*, in addition to its bitcoin mining operations, as presently alleged). *Id.* ¶¶ 48, 54-56, 60, 126, 128, 132, 162-164.

The parties met and conferred on November 11, 2025, and affirmed their positions by email on November 13, 2025. Eklem Decl. ¶ 3. Defendant stated that it opposes this Motion.

[1] It is not necessary to seek leave to amend pleadings prior to this date unless the amendment seeks to assert additional patents, which this Motion seeks to do. *See* Dkt. No. 40 at 5.

## II. LEGAL STANDARD

Rule 15(a) provides that leave to amend shall be "freely given when justice so requires." Fed. R. Civ. P. 15(a). The standard for leave to amend a complaint is governed by Fifth Circuit law. *Pressure Prods. Med. Supplies v. Greatbatch Ltd.*, 599 F.3d 1308, 1315 (Fed. Cir. 2010); *see Insituform Technologies, Inc. v. CAT Contracting, Inc.*, 385 F.3d 1360, 1372 (Fed. Cir. 2004). Refusing leave to amend is generally only justified upon a showing of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility of amendment. *Engstrom v. First Nat. Bank of Eagle Lake*, 47 F.3d 1459, 1464 (5th Cir. 1995) ("In the absence of ... undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962))); *Pressure Prods.*, 599 F.3d at 1319. Rule 15(a) "evinces a bias in favor of granting leave to amend." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000).

"Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired" and requires a showing of "good cause." *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). Good cause to amend a complaint is frequently found when leave to amend is sought early in the case prior to claim construction. *See, e.g.*, *Netlist, Inc. v. Samsung Elecs. Co., LTD.*, No. 2:22-cv-00293-JRG, 2023 WL 5532133, at *3 (E.D. Tex. Aug. 28, 2023); *see also Apex Beam Techs. LLC v. TCT Mobile Int'l Ltd.*, No. 2:21-CV-00438-JRG, 2024 WL 1744063, at *2-4 (E.D. Tex. Apr. 22, 2024). Motions to supplement infringement contentions are also governed by the "good cause" standard of Rule 16(b). *IDB Ventures, LLC v. Charlotte Russe Holdings, Inc.*, 360 F. Supp. 3d 541, 549 (E.D. Tex. 2018); *Team Worldwide Corp. v. Wal-Mart Stores, Inc.*, No. 2:17-CV-00235-JRG, 2018 WL 3533362, at *3 (E.D. Tex. July 23, 2018) ("When evaluating … a motion for leave to amend contentions, courts require a

showing of 'good cause.'"). In both cases, to determine whether good cause exists to support an amendment, the Court considers (1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *Apex Beam*, 2024 WL 1744063 at *2 (modifications in original) (quoting *S&W Enters.*, 315 F.3d at 536); *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015).

## III. ARGUMENT

The Court should grant Plaintiffs' motion to amend the Complaint, regardless of whether Rule 15 or Rule 16 applies[2], given the early stage of this case and the lack of prejudice to Defendant. For similar reasons, the Court should also permit Plaintiffs to amend their infringement contentions to address the newly-asserted '039 patent and to include additional allegations under the '286 patent related to Defendant's HPC operations.

### A. None of the Rule 15 Factors Warrant Denial of Leave to Amend.

Rule 15 applies to Plaintiffs' motion for leave to amend its Complaint because the deadline to amend pleadings has not passed and is still months away.[3] Dkt. No. 40 at 5; Fed. R. Civ. P. 15(a)(2); *see S&W Enters.*, 315 F.3d at 536 (clarifying that Rule 16(b) governs amendment of pleadings "after" the deadline set by a scheduling order). Because none of the conditions warranting denial of leave are present, leave should be granted.

---

[2] This Court has declined to decide whether Rule 15 or Rule 16 applies to determining whether to grant leave to amend a complaint. *See, e.g.*, *Apex Beam*, 2024 WL 1744063 at *2; *Netlist*, 2023 WL 5532133 at *3; *Hillman Grp., Inc. v. Keyme, LLC*, No. 2:19-CV-00209, 2020 WL 6938441, at *2 (E.D. Tex. Oct. 23, 2020).

[3] Rule 16's good cause requirement, which applies to Plaintiffs' motion to amend its infringement contentions, is address in the next section. *See Netlist*, 2023 WL 5532133 at *3 n.1 (seeking leave to amend infringement contentions requires a showing of "good cause").

***First***, Plaintiffs did not unduly delay in seeking amendment. This motion comes at an early stage of the case: the beginning of claim construction is four months away, the deadline to amend pleadings is nearly six months away, the *Markman* hearing is eight months away, and discovery does not close for nearly ten more months. Dkt. No. 40; *see Netlist*, 2023 WL 5532133 at *1, 3-4 (granting leave to amend to add a patent where motion for leave was filed six months before amended pleading deadline, *i.e.*, "early in the case, prior to claim construction and well before the close of fact discovery"); *Apex Beam*, 2024 WL 1744063 at *2 (granting leave to amend to add five patents where motion for leave was filed four months before amended pleading deadline, *i.e.*, "early in the case—over six months before the … claim construction hearing and well before the close of fact discovery"). And, given the early stage of this case, there is no undue prejudice to Defendant if Plaintiffs' amendment is allowed (as explained further below). Furthermore, the parties and the Court have ample time to efficiently adjudicate issues related to the '039 patent alongside issues related to the Asserted Patents under the current case schedule, rather than requiring Plaintiff to file a separate case. *Apex Beam*, 2024 WL 1744063 at *3 (citing *H&R Block Tax Servs., Inc. v. Jackson Hewitt Tax Serv., Inc.*, No. 6:08cv37, 2008 WL 11265109, at *3 (E.D. Tex. Dec. 23, 2008)).

***Second***, Defendant faces no undue prejudice from amendment. Due to the early stage of this case, allowing Plaintiffs' amendment to add one patent and allegations implicating one additional accused product will not unduly prejudice Defendant. *See Netlist*, 2023 WL 5532133 at *3 (no undue prejudice where leave to amend was sought "early in the case," even though "adding a patent at this stage requires supplemental contentions"); *Apex Beam*, 2024 WL 1744063 at *2 (no undue prejudice where leave to amend was sought "early in the case," even though "adding [five] Additional Patents to this case will no doubt increase its cost and complexity"). The

parties have over four months to amend their respective infringement and invalidity contentions before claim construction proceedings begin. To the extent Defendant argues that it would suffer prejudice on the basis that future case deadlines may have to be adjusted, such an argument would be speculative and "premature" at this early stage, and, in any event, any purported prejudice could reasonably be dealt with if it arises. *See Apex Beam*, 2024 WL 1744063 at *4 (rejecting argument based on "potential prejudice"); *OnPoint Sys., LLC v. Protect Animals With Satellites*, LLC, No. 4:20-CV-657, 2021 WL 3140562, at *2 (E.D. Tex. July 26, 2021) (similar).

***Third***, Plaintiffs' Motion is not the result of bad faith or dilatory motive. Plaintiffs seek to add the '039 patent and allegations related to Defendant's HPC operations because Plaintiffs have reason to believe that Defendant has violated and continues to violate their patent rights, which Plaintiffs seek to vindicate. *See Apex Beam*, 2024 WL 1744063 at *3 (vindication of patent rights is important); *Netlist*, 2023 WL 5532133 at *3 (same). It would be inefficient to require Plaintiffs to file a new case against Defendant to do so when this case involves the same parties and overlapping Accused Products.

***Fourth***, Plaintiffs have not previously amended the complaint and so have never previously failed to cure deficiencies.

***Fifth***, Plaintiffs' amendment is not futile, as it properly and sufficiently states a claim for patent infringement. "Futility is determined under Rule 12(b)(6) standards, meaning an amendment is considered futile if it would fail to state a claim upon which relief could be granted." *Wiggins v. La. State Univ.-Health Care Servs. Div.*, 710 F. App'x 625, 628 (5th Cir. 2017). The FAC pleads facts sufficient to state a claim for patent infringement, including by identifying the Accused Products alleged to infringe the '039 patent and what aspects of those products infringe

in sufficient detail to adequately put defendant on notice of the grounds for infringement.[4] *See Estech Sys., Inc. v. Target Corp.*, No. 220CV00123JRGRSP, 2020 WL 6534094, at *3 (E.D. Tex. Aug. 27, 2020), *report and recommendation adopted*, No. 220CV00123JRGRSP, 2021 WL 966017 (E.D. Tex. Mar. 12, 2021) ("T]he standard envisioned by the federal rules is not a high one.").

**B. Malikie Has Shown Good Cause to Amend the Complaint and its Infringement Contentions.**

Plaintiffs' motion to amend the Complaint and its infringement contentions is supported by good cause.

The proposed amendments to assert the '039 patent and accuse one additional product are important because Plaintiffs are seeking to vindicate their patent rights, and doing so in another case would be inefficient given the significant overlap between the Accused Products. *Apex Beam*, 2024 WL 1744063 at *3 (finding importance of amendment to seeking vindication of patent rights weighs in favor of granting leave to amend); *Netlist*, 2023 WL 5532133 at *3 (same). Additionally, "the importance of efficiency and conserving party and judicial resources, on balance, outweighs the minimal prejudice Defendant will face as a result of the addition of the" '039 patent and one accused product. *H&R Block*, 2008 WL 11265109 at *3.

As discussed above, Plaintiffs' proposed amendments will not cause Defendant undue prejudice, given the early stage of this case. The Court has recently held multiple times that amendments to add patents sought "early in the case" under similar circumstances do not cause undue prejudice. *See Netlist*, 2023 WL 5532133 at *3 (granting leave to add additional patent); *Apex Beam*, 2024 WL 1744063 at *2 (granting leave to add five additional patents). The need to

---

[4] The same is true regarding Plaintiffs' added allegations under the '286 patent regarding Defendant's HPC operations.

amend infringement contentions naturally follows amending the Complaint, *see Netlist*, 2023 WL 5532133 at *3 (acknowledging that "adding a patent at this stage requires supplemental contentions"), and the current case schedule provides adequate time (over four months) to allow the parties to serve amended infringement and invalidity contentions, respectively, before claim construction. Dkt. No. 40. The fact that claim construction has not yet begun, claim construction discovery does not end for another six months, the *Markman* hearing is not for another eight months, and fact discovery does not end for another nine months further demonstrates the lack of prejudice. *Id.*; *see Netlist*, 2023 WL 5532133 at *3 (finding lack of prejudice where motion for leave to amend was filed "early in the case, prior to claim construction and well before the close of fact discovery); *Apex Beam*, 2024 WL 1744063 at *4 (similar).

Any potential prejudice to Defendant from Plaintiffs' amendments would be "minimal," *H&R Block*, 2008 WL 11265109 at *3, and, in all events, could be cured by the availability of a continuance. *Apex Beam*, 2024 WL 1744063 at *4 (finding "the potential prejudice and the availability of a continuance factors weigh in favor of granting Plaintiff leave" where leave to amend was sought early in the case). Although not necessary in this case given its early stage, a modest modification to the schedule could (if shown to be necessary) alleviate any potential prejudice to Defendant without disturbing the date of the *Markman* hearing or trial. *H&R Block*, 2008 WL 11265109 at *3; *see OnPoint Sys.*, 2021 WL 3140562 at *2 ("Any prejudice can be cured by the parties submitting a joint amended scheduling order."). But, given that four months remain until claim construction even begins, the current case schedule "provides adequate time to address any issues that might arise" such that "granting leave to amend in this case would not inevitably delay trial or any other deadline." *LBS Innovations, LLC v. Aaron Bros., Inc.*, No. 2:11-CV-142,

2012 WL 12897919, at *3 (E.D. Tex. Nov. 9, 2012) (granting leave to amend where "[t]rial remains two months away").

As to the final factor—explanation for the failure to timely move for leave to amend—Plaintiffs' motion for leave to add the '039 patent is not untimely because the deadline to amend pleadings is months away. Moreover, Plaintiffs moved for leave to assert the '039 patent and add allegations related to Defendant's HPC operations promptly after obtaining plausible basis to make these allegations. Given the early stage of this case, the importance of this amendment, and the lack of prejudice to Defendant, the Court should find good cause, even if it finds Plaintiffs' explanation unsatisfying. *See Netlist*, 2023 WL 5532133 at *3 ("Both reasons offered by Netlist are tactical, self-imposed delays that do not help Netlist's cause. However, the importance of the amendment and lack of prejudice weighs in favor of finding good cause."); *EMG Tech., LLC v. Vanguard Grp., Inc.*, No. 6:12-cv-543, 2014 WL 12597427, *3 (E.D. Tex. May 12, 2014) (finding good cause to amend despite inadequate explanation for delay); *LBS Innovations*, 2012 WL 12897919 at *3 (same). Indeed, Plaintiffs' good cause is greater than the good cause found in similar cases where the Court granted leave to amend. For example, in *Netlist*, the Court granted leave to amend despite the plaintiff's "tactical, self-imposed delay" where the amendment was sought "prior to claim construction and well before the close of fact discovery" but after the deadline for infringement contentions because it was important and not prejudicial. 2023 WL 5532133, at *3. Here, the importance and lack of prejudice of Plaintiffs' proposed amendments weigh even more in favor of finding good cause because there is no "tactical" delay.

**CONCLUSION**

For the reasons stated above, Plaintiffs respectfully request that the Court grant this motion for leave to file an amended complaint and to amend infringement contentions.

Dated: November 14, 2025

*/s/ Philip J. Eklem*
Philip J. Eklem – LEAD ATTORNEY
**REICHMAN JORGENSEN LEHMAN & FELDBERG LLP**
1909 K Street NW, Suite 800
Washington DC, 20006
Tel: (202) 894-7310
peklem@reichmanjorgensen.com

Khue V. Hoang
**REICHMAN JORGENSEN LEHMAN & FELDBERG LLP**
400 Madison Avenue, Suite 14D
New York, NY 10017
Tel: (212) 381-1965
khoang@reichmanjorgensen.com

Matthew G. Berkowitz
**REICHMAN JORGENSEN LEHMAN & FELDBERG LLP**
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Tel: (650) 623-1401
mberkowitz@reichmanjorgensen.com

*Attorneys for Plaintiffs Malikie Innovations Ltd. and Key Patent Innovations Ltd.*

*Of Counsel*:

Andrea L. Fair
Texas Bar No. 24078488
Claire Abernathy Henry
Texas State Bar No. 24053063
**MILLER FAIR HENRY PLLC**
1507 Bill Owens Pkwy.
Longview, TX 75604
Tel: (903) 757-6400
andrea@millerfairhenry.com
claire@millerfairhenry.com

**CERTIFICATE OF SERVICE**

I certify that the foregoing document was filed electronically on November 14, 2025 pursuant to Local Rule CV-5(a) and has been served on all counsel who have consented to electronic service via CM/ECF.

*/s/ Claire Abernathy Henry*
Claire Abernathy Henry

**CERTIFICATE OF CONFERENCE**

I certify that the parties complied with the meet and confer requirement pursuant to Local Rule CV-7(h) and that Defendant opposes this motion. The discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve.

*/s/ Claire Abernathy Henry*
Claire Abernathy Henry