IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| Malikie Innovations Ltd. and<br>Key Patent Innovations Ltd.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>Core Scientific, Inc.<br><br>　　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 2:25-CV-519-JRG-RSP<br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND
COMPLAINT AND INFRINGEMENT CONTENTIONS**

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Advanced Integrated Cir. Process LLC v. United Microelectronics Corp.*,
   No. 2:24-CV-623-JRG, 2025 WL 2784244 (E.D. Tex. Sept. 30, 2025) ...................................2

*Apex Beam Techs. LLC v. TCT Mobile Int'l Ltd.*,
   No. 2:21-CV-00438-JRG, 2024 WL 1744063 (E.D. Tex. Apr. 22, 2024) ...........................4, 5

*Arigna Tech. Ltd. v. Nissan Motor Co., Ltd.*,
   No. 2:22-CV-00126-JRG-RSP, 2022 WL 2056188 (E.D. Tex. June 7, 2022).........................5

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)................................................................................................................4

*Blitzsafe Texas, LLC v. Volkswagen Grp. of Am., Inc.*,
   No. 2:15-CV-1274-JRG-RSP, 2016 WL 4778699 (E.D. Tex. Aug. 19, 2016) .........................1

*GREE, Inc. v. Supercell Oy*,
   No. 2:19-CV-00310-JRG-RSP, 2020 WL 7396506 (E.D. Tex. Dec. 17, 2020).......................4

*InnoMemory LLC v. Xiaomi Corp.*,
   No. 2:24-CV-00667-RWS-RSP, 2025 WL 2701290 (E.D. Tex. Sept. 5, 2025) ..................2, 3

*Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*,
   594 F.3d 383 (5th Cir. 2010) ..................................................................................................4

*Motiva Pats., LLC v. Sony Corp.*,
   408 F. Supp. 3d 819 (E.D. Tex. 2019).....................................................................................3

*Smith v. Reg'l Transit Auth.*,
   756 F.3d 340 (5th Cir. 2014) ..................................................................................................4

*Stripling v. Jordan Prod. Co., LLC*,
   234 F.3d 863 (5th Cir. 2000) ..................................................................................................1

**Rules**

Fed. R. Civ. P. 12(b)(6)...........................................................................................................1, 4

Fed. R. Civ. P. 15.........................................................................................................................1

Fed. R. Civ. P. 16.....................................................................................................................1, 4

Core Scientific, Inc. ("Defendant") fails to provide any supportable basis for why Malikie Innovations, Ltd. and Key Patent Innovations, Ltd.'s (collectively, "Plaintiffs") request to amend their complaint should not be granted. Plaintiffs seek a modest expansion of the issues in the case: namely, (1) to assert a new patent (the '039 patent) against Defendants' bitcoin mining operations (which are already at issue) and its HPC operations (which are new); and (2) to amend its infringement contentions for the '286 patent (a patent already at issue) against the same HPC operations. The unreasonable and inefficient alternative would be to require Plaintiffs to file a separate case involving one of the same patents (the '286 patent) and the same bitcoin mining operations as in the present case.

Defendant claims Plaintiffs' allegations under the '039 patent would be futile under Rule 15, but ignores the well-pled allegations and evidence cited in the First Amended Complaint for Patent Infringement and Jury Demand (Dkt. 52, or "FAC"). And its arguments under Rule 16 (good cause) are undercut by the ample time remaining before any major deadline in this case, including claim construction, the close of discovery, and trial. Defendant's alleged prejudice is significantly outweighed by the waste of judicial and party resources that would result from requiring Plaintiffs to file a separate case.

I.      **The FAC plausibly claims infringement by bitcoin mining and HPC.**

The question of futility under Rule 15 asks whether the pleading standard of Rule 12(b)(6) is met, *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000), which "'simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal' the defendant is liable for the misconduct alleged" and requires "the Court [to] assume [ ] all well-plead facts as true and view those facts in the light most favorable to the plaintiff." *Blitzsafe Texas, LLC v. Volkswagen Grp. of Am., Inc.*, No. 2:15-CV-1274-JRG-RSP, 2016 WL 4778699, at *1 (E.D. Tex. Aug. 19, 2016), *report and recommendation adopted*, No. 2:15-CV-1274-JRG-RSP, 2016 WL

1

4771291 (E.D. Tex. Sept. 13, 2016). The detailed pleadings in the FAC (including its exhibits) overcome "the low 12(b)(6) bar." *Advanced Integrated Cir. Process LLC v. United Microelectronics Corp.*, No. 2:24-CV-623-JRG, 2025 WL 2784244, at *3 (E.D. Tex. Sept. 30, 2025).

The FAC sufficiently pleads infringement of the '039 and '286 patents as to Defendant's bitcoin mining operations, including its self-mining and hosted mining operations. Dkt. No. 52, ¶¶ 41-47, 49-53, 157-172; Dkt. Nos. 52-11, 52-12. Defendant does not contest this and has waived any right to do so.

The FAC also plausibly alleges direct infringement by Defendant's HPC operations, including its HPC hosting activities. Dkt. 52, ¶168; Dkt. 52-12. The detailed allegations lay out how Defendant's HPC hosting activities practice the claims of the '039 patent through Defendant's operation of NVIDIA GPUs and DPUs in its data centers for its customers. *Id*. ¶ 56, Dkt. 52-12 at 12-22, 30-37, 41-45, 49-54, 58-63. These facts support Plaintiffs' allegations that Defendant directly infringes the '039 patent and are sufficient to put Defendant "on notice of what activity or device" is accused of infringement. *InnoMemory LLC v. Xiaomi Corp.*, No. 2:24-CV-00667-RWS-RSP, 2025 WL 2701290, at *1 (E.D. Tex. Sept. 5, 2025), *report and recommendation adopted*, No. 2:24-CV-00667-RWS-RSP, 2025 WL 2698122 (E.D. Tex. Sept. 22, 2025).

The FAC also plausibly alleges indirect infringement by Defendant's HPC operations, including that Defendant aids, abets, and induces direct infringement by "deploying and operating … HPC devices for its customers." Dkt. 52 ¶¶ 161-162, 169-170; Dkt. 52-11 at 31, 46, 63, 80; Dkt. 52-12 at 22, 37, 46, 54, 63. For example, Defendant induces third parties to make use of its hosting services by advertising that they are specifically tailored to host specialized HPC devices that practice the claimed inventions. *See* Dkt. 52, ¶¶ 54-56; Dkt. 52-11 18-30, 36-46, 53-63, 70-

2

80; Dkt. 52-12 at 12-22, 30-37, 41-45, 49-54, 58-63. Unlike a mere "real estate company that leases … office space", Dkt. 56 at 8, Defendant provides specially designed and modified HPC data centers and supporting services tailored to enable the operation of "CoreWeave's NVIDIA GPUs for HPC operations." Dkt. 52, ¶ 56 fn.127, Dkt. 52-12 at 12 (describing "[s]ite modifications" for hosting HPC); Dkt. 52-11 at 18-19 (same). These facts support Plaintiffs' well-pled allegations of indirect infringement. *Motiva Pats., LLC v. Sony Corp.*, 408 F. Supp. 3d 819, 828 (E.D. Tex. 2019) (acts of inducement include "assisting in performing an infringing use").

Defendant argues that it does not infringe because it only provides "real estate, power, and security" and "has no control" over what its HPC customers do in its data centers.[1] Dkt. 56 at 7-8. But Defendant's HPC activities are not so limited, as demonstrated by the FAC's allegations and supporting documentation. For example, Defendant's 10-K, indicates its HPC hosting includes providing "maintenance," "cloud and connectivity services," and "other services," which supports the FAC's allegations that Defendant operates and/or induces its customers' use of infringing HPC devices. Ex. 13 at 7. Defendant's website further indicates it provides "purpose-built infrastructure" for HPC that is "optimized for [customer] workloads" (Ex. 14), "GPU-optimized" infrastructure (Ex. 15), "AI specialists and certified engineers to guide infrastructure deployment" (*id.*), "Turnkey Rack and GPU Hardware Installation" (Ex. 16), "24/7 On-site Maintenance and Operations" (*id.*), "24/7 monitoring and on-call experts ensuring maximum … uptime" (Ex. 17), and "expert on-site support for maintenance, troubleshooting, and equipment management" (Ex. 18). Accordingly, the FAC's well-pled allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *InnoMemory*,

---

[1] The declaration of Cline Kezar fails to show that Defendant's HPC activities are *limited* to providing space, power, and security. Dkt. 56 at 7. Defendant's other evidence is similarly flawed and instead confirms that HPC hosting includes "other services." *Id.* (citing Dkt. 23-10 at 11).

3

2025 WL 2701290, at *1 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Defendant's argument that the accused activities should not be found to infringe is a dispute of fact that precludes denial of the Motion.[2]

## II. There is good cause to amend the complaint and infringement contentions under Rule 16.

None of the potential prejudice Defendant claims it may experience outweighs the significant burden and waste of resources that the Court and the parties will experience if Plaintiff is required to file a separate case to assert the '039 patent. The FAC adds, in part, infringement claims against already-accused bitcoin mining operations, making it wasteful to require filing a separate case against the same activities. *See Apex Beam Techs. LLC v. TCT Mobile Int'l Ltd.*, No. 2:21-CV-00438-JRG, 2024 WL 1744063, at *4 (E.D. Tex. Apr. 22, 2024). And the new allegations against Defendant's HPC operations accuse similar features (*i.e.*, similar cryptographic operations) such that "it would be very advantageous to include the amended infringement contentions to avoid another suit." *See GREE, Inc. v. Supercell Oy*, No. 2:19-CV-00310-JRG-RSP, 2020 WL 7396506, at *3 (E.D. Tex. Dec. 17, 2020); *id*. ("[I]t it would be a significant waste of judicial resources to have another case on closely related issues."). Collectively, this weighs significantly in favor of finding good cause.

Defendant's arguments regarding potential prejudice and demand for continuance ignore the *four months* remaining before claim construction even begins; the *eight months* until the *Markman* hearing; and the *nine months* until the close of fact discovery. Mot. 4-5, 8-9. Any prejudice Defendant may incur due to the increased scope of the case would be readily absorbed by the ample time still

---

[2] *Smith v. Reg'l Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014) ("disputed questions of fact are anathema to Rule 12(b)(6) jurisprudence"); *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) ("The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." (*citing Iqbal*, 556 U.S. at 678)).

4

remaining in the schedule; and any such prejudice would be dwarfed by the additional time, expense, and inefficient duplication of efforts that would be associated with filing a separate case. *See Apex Beam*, 2024 WL 1744063, at *4 ("While adding the Additional Patents to this case will no doubt increase its cost and complexity, a less prompt and more expensive result would occur if these patents were brought in an entirely separate case against Defendants."). Defendant also fails to show why the third-party discovery it argues would be necessary could not be conducted in the time still available. *See Arigna Tech. Ltd. v. Nissan Motor Co., Ltd.*, No. 2:22-CV-00126-JRG-RSP, 2022 WL 2056188, at *2 (E.D. Tex. June 7, 2022) (finding "conclusory" argument on prejudice unpersuasive). Having failed to demonstrate undue prejudice, Defendant's request to "mov[e] the proposed trial date by three to four months" is not justified. Dkt. 56 at 11.

Defendant's claim that Plaintiffs were not diligent in asserting the '039 patent is without basis. Plaintiffs moved to amend promptly after obtaining plausible cause to do so, which involved more than simply identifying and screen-shotting other products (this is exemplified in the claim charts detailing evidence of infringement that are appended to the FAC). Dkt. 51 at 9; *cf.* Dkt. 56 at 10-12.[3] The facts here are distinguishable from those in the cases that Defendant cites, which dealt with motions to amend that were brought far later in the case.

Plaintiffs' motion comes early in the case and granting it will avoid a wasteful second suit.

---

[3] Defendant's reference to the age of the '039 patent in its arguments regarding purported delay is misleading and inappropriate. Dkt. 56 at 10. The age of the patent is irrelevant, and Defendant fails to explain how it has any bearing on the issues to be decided by the Court.

5

<table>
<tr><td>

Dated: December 9, 2025

*Of Counsel*:

Andrea L. Fair
  Texas Bar No. 24078488
Claire Abernathy Henry
  Texas State Bar No. 24053063
**MILLER FAIR HENRY PLLC**
1507 Bill Owens Pkwy.
Longview, TX 75604
Tel: (903) 757-6400
andrea@millerfairhenry.com
claire@millerfairhenry.com

</td><td>

*/s/ Philip J. Eklem*
Philip J. Eklem – LEAD ATTORNEY
**REICHMAN JORGENSEN LEHMAN
   & FELDBERG LLP**
1909 K Street NW, Suite 800
Washington DC, 20006
Tel: (202) 894-7310
peklem@reichmanjorgensen.com

Khue V. Hoang
**REICHMAN JORGENSEN LEHMAN
   & FELDBERG LLP**
400 Madison Avenue, Suite 14D
New York, NY 10017
Tel: (212) 381-1965
khoang@reichmanjorgensen.com

Matthew G. Berkowitz
**REICHMAN JORGENSEN LEHMAN
   & FELDBERG LLP**
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Tel: (650) 623-1401
mberkowitz@reichmanjorgensen.com

*Attorneys for Plaintiffs Malikie Innovations Ltd.
and Key Patent Innovations Ltd.*

</td></tr>
</table>

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed electronically on December 9, 2025 pursuant to Local Rule CV-5(a) and has been served on all counsel who have consented to electronic service.

*/s/ Claire Abernathy Henry*
Claire Abernathy Henry