IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| Malikie Innovations Ltd. and<br>Key Patent Innovations Ltd.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>Core Scientific, Inc.<br><br>　　　　　Defendant. | Case No. 2:25-CV-519-JRG-RSP<br><br>JURY TRIAL DEMANDED |

**CORE SCIENTIFIC'S SUR-REPLY TO PLAINTIFFS' OPPOSED MOTION FOR LEAVE TO AMEND COMPLAINT AND INFRINGEMENT CONTENTIONS**

i

## **TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................. 1

II. ARGUMENT ......................................................................................................................... 1

    A. Plaintiffs' proposed amendment provides no plausible claim against Core Scientific's HPC operations. ................................................................................... 1

    B. Good cause cannot exist in light of such prejudice and no continuance. ............... 4

III. CONCLUSION ...................................................................................................................... 5

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Apex Beam Techs. LLC v. TCT Mobile Int'l Ltd.*,
  No. 2:21-CV-00438-JRG, 2024 WL 1744063 (E.D. Tex. Apr. 22, 2024) ...............................4

*Arigna Tech. Ltd. v. Nissan Motor Co.*,
  No. 2:22-CV-00126-JRG-RSP, 2022 WL 2056188 (E.D. Tex. June 7, 2022)........................4

*GREE, Inc. v. Supercell Oy*,
  No. 2:19-CV-310-JRG-RSP, 2020 WL 7396506 (E.D. Tex. Dec. 17, 2020)...........................4

*InnoMemory LLC v. Xiaomi Corp.*,
  No. 2:24-CV-667-RWS-RSP, 2025 WL 2701290 (E.D. Tex. Sep. 5, 2025) ........................1, 3

*Mullen Indus. LLC v. Samsung Elecs. Co.*,
  No. 2:24-CV-49-JRG, 2024 WL 4870768 (E.D. Tex. Nov. 21, 2024).....................................2

*Nobelbiz, Inc. v. Insidesales.com, Inc.*,
  No. 6:13-CV-360-MHS, 2014 WL 12378804 (E.D. Tex. Oct. 14, 2014) ................................3

*Ormco Corp. v. Align Tech., Inc.*,
  463 F.3d 1299 (Fed. Cir. 2006)................................................................................................2

*Roebuck v. Dothan Sec., Inc.*,
  515 F. App'x 275 (5th Cir. 2013) ............................................................................................3

*Stragent, LLC v. BMW of N. Am., LLC*,
  No. 6:16-CV-446-KNM, 2017 WL 2821697 (E.D. Tex. Mar. 3, 2017)...................................3

I. **INTRODUCTION**

Plaintiffs' effort to recast their direct and indirect infringement theories concerning Core Scientific's HPC operations in their Reply (Dkt. 57) only highlights their implausibility. Plaintiffs do not and cannot use their Reply to correct the critical deficiency of the proposed amendment—i.e., that it fails to colorably allege either direct or indirect infringement by Core Scientific, who merely provides the real estate and power for the HPC operations that Plaintiffs allege infringe. Further, Plaintiffs completely gloss over the impact that adding Core Scientific's HPC operations, which they admit are new, would have on this case, misleadingly calling it a "modest expansion of the issues." Reply at 1. The Reply, however, does not dispute that the proposed amendment attempts to inject entirely different products with a different set of direct infringers into the case. Plaintiffs provide no redress to this prejudice, other than saying that it can be "readily absorbed by the ample time still remaining in the schedule." *Id.* at 4–5. But requiring Core Scientific to defend against new infringement theories based on its customers' operation of third-party chips—on an expedited schedule and without those third parties currently in the case—is inherently prejudicial. Thus, to the extent that the Court permits Plaintiffs leave to amend, a continuance is required.

II. **ARGUMENT**

    A. **Plaintiffs' proposed amendment provides no plausible claim against Core Scientific's HPC operations.**

Plaintiffs' claim that their proposed amendment identifies "what activity or device" is accused of infringement fails to tell the full story. More accurately, a pleading must identify what actions ***by the defendant*** related to the identified activity or device are purportedly infringing. *See InnoMemory LLC v. Xiaomi Corp.*, No. 2:24-CV-667-RWS-RSP, 2025 WL 2701290, at *1 (E.D. Tex. Sept. 5, 2025) ("A plaintiff meets this requirement if it 'pleads factual content that

allows the court to draw the reasonable inference that *the defendant is liable for the misconduct alleged*.'" (emphasis added)). There is no "dispute of fact" here because Plaintiffs have offered no facts that support a plausible allegation that **Core Scientific**, not third parties, engages in the identified activities or makes, uses, sells, or offers to sell the identified devices. Reply at 4.

*First*, as far as direct infringement goes, Plaintiffs do not and cannot point to any allegation that Core Scientific performs the claimed method or exercises direction and control over those who do, e.g., its customers. *See Mullen Indus. LLC v. Samsung Elecs. Co.*, No. 2:24-CV-49-JRG, 2024 WL 4870768, at *2 (E.D. Tex. Nov. 21, 2024) ("For method claims, direct infringement under § 271(a) occurs where all steps of a claimed method are performed by or attributable to a single entity." (cleaned up)). Plaintiffs allege neither.

Despite Plaintiffs' characterization of its allegations as accusing "Defendant's operation of NVIDIA GPUs and DPUs in its data centers for its customers," the proposed amendment only alleges that Core Scientific "hosts" the accused NVIDIA devices, and it is Core Scientific's customers (not Core Scientific) that allegedly operate and control the accused NVIDIA devices. Reply at 2; *see, e.g.*, Dkt 51-3 ¶ 56 ("**CoreWeave runs** AI workloads on, for example, NVIDIA H100, H200, GH200, B200, GB200, GB300, and RTX Pro 6000 GPUs. **CoreWeave uses** NVIDIA DPUs . . . ." (emphasis added) (footnote omitted)). Plaintiffs' infringement charts do not offer any help in this regard either. *See, e.g.*, Dkt. 52-12 at 16 ("**CoreWeave uses** the NVIDIA DOCA™ software framework . . . ." (emphasis added)). But an allegation that Core Scientific "hosts" a device that is capable of infringing is insufficient to plausibly allege that **Core Scientific** performs the claimed method. *Ormco Corp. v. Align Tech., Inc.*, 463 F.3d 1299, 1311 (Fed. Cir. 2006) ("Method claims are only infringed when the claimed process is performed . . . ." (internal citations omitted)).

2

***Second***, and similarly, the Reply mischaracterizes the proposed amendment's allegations for indirect infringement. For example, nowhere does the proposed amendment allege that "Defendant induces third parties to make use of its hosting services by advertising that they are specifically tailored to host specialized HPC devices that practice the claimed inventions." Reply at 2. All the proposed amendment and attached infringement charts offer are unsupported boilerplate allegations tracking the language of the statute. *See, e.g.*, Dkt. 51-3 ¶¶ 162–63, 170–71; Dkt. 52-12 at 22 (making the conclusory allegations that the "HPC devices . . . are not a staple article of commerce and are incapable of substantial noninfringing use"); Dkt. 52-11 at 30 (same). These cursory allegations are insufficient. *See Nobelbiz, Inc. v. Insidesales.com, Inc.*, No. 6:13-CV-360-MHS, 2014 WL 12378804, at *4 (E.D. Tex. Oct. 14, 2014); *Stragent, LLC v. BMW of N. Am., LLC*, No. 6:16-CV-446-RWS-KNM, 2017 WL 2821697, at *9 (E.D. Tex. Mar. 3, 2017). The Reply also fails to point to any "advertising" cited in the proposed amendment and instead points only to investment materials disclosing details of a preexisting commercial arrangement with a single customer (CoreWeave). Reply at 2–3 (citing Dkt. 51-3 ¶ 56 n.127; Dkt. 52-12 at 12; Dkt. 52-11 at 18–19). Such allegations do not plausibly support an inference of indirect infringement.

To try to now provide factual backing for their indirect infringement allegations, Plaintiffs attempt to rely on exhibits that were not attached to the proposed amended complaint. *See, e.g.*, Reply at 3. This is improper. *See InnoMemory*, 2025 WL 2701290, at *1 ("Generally, courts must limit their review 'to the contents of the pleadings.'" (internal citation omitted)); *see also Roebuck v. Dothan Sec., Inc.*, 515 F. App'x 275, 280 (5th Cir. 2013) ("[T]he complaint may not be amended by the briefs in opposition to a motion to dismiss." (internal citation omitted)). In any event, Plaintiffs fail to tie anything from the newly raised exhibits to actions that are

3

supposedly infringing. *See, e.g.*, Reply at 3 (failing to explain how "cloud and connectivity services" or "expert on-site support for maintenance, troubleshooting, and equipment management" are acts of indirect infringement). This is again akin to the real estate company who also provides plumbing, maintenance work, and Wi-Fi to its tenants. There is no support in the law that merely providing these enhanced landlord functions implicates the landlord as an indirect infringer when the tenant allegedly practices a claimed method.

      **B.     Good cause cannot exist in light of such prejudice and no continuance.**

Plaintiffs cite no authority supporting their position that a continuance is not required here. The cases cited by Plaintiffs regarding the inefficiencies that could be borne from a separate lawsuit are inapplicable, because, by Plaintiffs' own admission, the proposed allegations against Core Scientific's HPC operations are new. This is not the same as the "closely related issues" or related technologies at issue in *Apex* and *GREE*. Reply at 4. Indeed, *GREE* involved an attempt to amend infringement contentions against a new feature of the **same** accused product released after the plaintiff's original infringement contentions. *GREE, Inc. v. Supercell Oy*, No. 2:19-CV-310-JRG-RSP, 2020 WL 7396506, at *1 (E.D. Tex. Dec. 17, 2020). And in *Apex*, the plaintiff argued that it was not adding new products because it had originally accused "the entirety of the [[d]efendants'] '5G mobile handsets and tablets.'" *Apex Beam Techs. LLC v. TCT Mobile Int'l Ltd.*, No. 2:21-CV-438-JRG, 2024 WL 1744063, at *4 (E.D. Tex. Apr. 22, 2024).

Plaintiffs' citation to *Arigna* is equally unavailing. There, the Court found that the prejudice involved with adding a doctrine of equivalents theory was minimal, as the supplier of the accused product was already a "defendant in this action and therefore should have the necessary information and expertise on hand to provide the necessary information to transition from a literal infringement theory to a DOE theory."*Arigna Tech. Ltd. v. Nissan Motor Co.*, No. 2:22-CV-126-JRG-RSP, 2022 WL 2056188, at *2 (E.D. Tex. June 7, 2022). Here, by

4

contrast, Plaintiffs are adding an entirely new patent and accused product and do not dispute that their new infringement allegations require, at a minimum, discovery from NVIDIA and CoreWeave, who are not parties in this litigation.

Further, Plaintiffs do not once address the loss of the past six months due to their own delay. There was no reason to sit on these allegations, which Plaintiffs could have and should have explored before filing the original complaint. Plaintiffs' unsubstantiated assertions that there is enough time left to catch up on claim construction and discovery, including bringing new parties into the case, do not explain why Defendant's request for a few additional months is unnecessary or inappropriate.

### III.  CONCLUSION

Pursuant to the reasons contained in the Response (Dkt. 56) and this Sur-reply, Core Scientific respectfully requests that the Court deny Plaintiffs' motion for leave to amend their complaint and infringement contentions.

| | |
|---|---|
| Dated: December 16, 2025 | Respectfully submitted, |
| | /s/ *Brian E. Ferguson* |
| | Brian E. Ferguson<br>WINSTON & STRAWN LLP<br>1901 L Street, N.W.<br>Washington, D.C. 20036<br>Telephone: (202) 282-5276<br>Email: beferguson@winston.com |
| | Rex A. Mann<br>WINSTON & STRAWN LLP<br>2121 North Pearl Street, Suite 900<br>Dallas, TX 75201<br>Tel.: (214) 453-6500<br>Email: rmann@winston.com |
| | Olivia A. Wogon<br>WINSTON & STRAWN LLP<br>800 Capitol St., Suite 2400<br>Houston, TX 77002<br>Tel.: (713) 651-2600<br>Email: owogon@winston.com |
| | Yuchen Han<br>WINSTON & STRAWN LLP<br>333 S. Grand Avenue<br>Los Angeles, CA 90071<br>Tel.: (213) 615-1700<br>Email: yhan@winston.com |
| | **Attorneys for Core Scientific, Inc.** |

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been served on counsel of record, who are deemed to have consented to electronic service, on December 16, 2025, via electronic filing using the Court's CM/ECF system.

*/s/ Brian E. Ferguson*
Brian E. Ferguson
