## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

|  |  |  |
|---|---|---|
| Malikie Innovations Ltd. and<br>Key Patent Innovations Ltd.,<br><br>Plaintiffs,<br><br>v.<br><br>Core Scientific, Inc.<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 2:25-CV-519-JRG-RSP<br><br>JURY TRIAL DEMANDED |

## PLAINTIFFS' OPPOSED MOTION TO COMPEL PRODUCTION OF DOCUMENTS PREDATING DEFENDANT'S EMERGENCE FROM BANKRUPTCY

## I.    INTRODUCTION

Plaintiffs Malikie Innovations Ltd. and Key Patent Innovations Ltd. (collectively, "Malikie") respectfully move to compel Defendant Core Scientific, Inc. ("Core") to search for and produce documents required by the Discovery Order (Dkt. 30) in this case. Core refuses to search for or produce documents predating its emergence from bankruptcy in 2024 on the theory that bankruptcy "extinguished" its prior *acts* of infringement, rather than Plaintiff's ability to recover damages for such acts.  According to Core, pre-bankruptcy information is therefore irrelevant to any issue in this case, including facts informing the "hypothetical negotiation" and availability of non-infringing alternatives.  For example, Core maintains the hypothetical negotiation date should be the date Core emerged from bankruptcy—not the date of its *actual* first infringement years prior to its bankruptcy. Core's theory finds no support in the law, which treats bankruptcy like other statutory limitations on liability and collecting past damages—i.e., it does not change the date of first infringement under the hypothetical negotiation or facts informing that negotiation, including those relevant to the *Georgia-Pacific* factors and the availability of NIAs.  Malikie asks the Court to resolve this dispute by answering this narrow legal question in its favor.

## II.    FACTUAL BACKGROUND

Core began operating Bitcoin mining services in approximately 2017. These services include operation of datacenters hosting computers and infrastructure specifically designed to mine Bitcoin.  Core is accused of infringing the asserted patents based on its operation of Bitcoin mining services, which began with its formation in approximately 2017 and has continued uninterrupted since. Thus, the likely date of the hypothetical negotiation is in or around that 2017 timeframe.

Core filed for Chapter 11 bankruptcy on December 21, 2022. *See In re Core Sci., Inc.*, No. 12-90341 (Bankr. S.D. Tex.). Core emerged from bankruptcy on January 23, 2024. *See id.*, Notice of Effective Date, ECF No. 1782.

1

Malikie filed its original complaint[1] in this action on May 12, 2025, seeking damages for infringing activity not discharged by Core's bankruptcy.  Dkt. 1 ¶¶ 6, 107, 149.  Through correspondence since October 2025, including a meet-and-confer on January 30, 2026, Core has taken the position that no facts or documents pre-dating its emergence from bankruptcy are relevant or discoverable, and Core refuses to search for or produce any such documents.  Malikie seeks an order compelling Core to do so.

## III.    ARGUMENT

Malikie is entitled to discovery on Core's pre-bankruptcy activity as it relates to issues in this case, including, for example, the factors informing a hypothetical negotiation between the parties at the time infringement began, which is necessary to determining a reasonable royalty. *See Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1317 (Fed. Cir. 2011); *SSL Servs., LLC v. Citrix Sys., Inc.*, 940 F. Supp. 2d 480, 489 (E.D. Tex. 2013) (citing *Lucent Tech., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1324 (Fed.Cir.2009)), *aff'd*, 769 F.3d 1073 (Fed. Cir. 2014).  Core is obligated to provide discovery under the Discovery Order (Dkt. 30), which requires production of all "documents, electronically stored information, and tangible things … that are relevant to the pleaded claims or defenses involved in this action" without need for Requests under Federal Rule of Civil Procedure 34.  Core has not objected to the relevance of such documents *per se*, but has refused to search for documents predating its emergence from bankruptcy, claiming that bankruptcy "extinguished" the relevance of its prior acts of infringement. Even if there is no liability for this infringement as a result of the bankruptcy, those infringing acts and facts relating to them from the time period before the bankruptcy are still relevant to issues in the case.

"In general, the date of the hypothetical negotiation is the date that the infringement began."

---

[1] A motion to amend the complaint (Dkt. 52) was filed November 14, 2025 and remains pending.

*LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 75 (Fed. Cir. 2012).  This is true, even if some interceding event limits the period for which damages are recoverable. *See id.* at 75 ("[T]he six-year limitation on recovery of past damages under 35 U.S.C. § 286 does not preclude the hypothetical negotiation date from taking place on the date infringement began, even if damages cannot be collected until some time later." (citing *Wang Lab'ys, Inc. v. Toshiba Corp.*, 993 F.2d 858, 870 (Fed. Cir. 1993) (reversing finding that the date of the hypothetical negotiation cannot predate plaintiff's entitlement to damages)[2])).  Courts routinely order production of documents predating a damages period to inform a hypothetical negotiation. *See Star Envirotech, Inc. v. Redline Detection, LLC*, 2015 WL 12745086, at *7 (C.D. Cal. Feb. 27, 2015) ("Plaintiff is fairly entitled to financial information that predates the damages period for use in calculating the reasonable royalty to which it would be entitled were Defendants found liable for infringement.") (collecting cases).

The rule from *Wang* and its progeny is that a hypothetical negotiation date is the date of first infringement, not the date of first infringement for which damages are recoverable.  In *LaserDynamics*, the Federal Circuit made clear that the hypothetical negotiation date is distinguished from, and may come before, the date that triggers a defendant's liability or a plaintiff's ability to recover damages. *LaserDynamics*, 694 F.3d at 75.  This is true, for example, where liability is limited or damages are unrecoverable because infringement occurred more than six years prior, a patentee failed to mark its products, or a defendant lacked necessary notice. *Id.* (discussing 35 U.S.C. §§ 286 and 287).  Thus, the date of the hypothetical negotiation is *not* set by

---

[2] Below, the District Court in *Wang* found that "the date plaintiff gave notice of infringement to defendants … should be the date used for any hypothetical royalty negotiations … because plaintiff is not entitled to any royalty damages prior to that date and because it is the date on which the parties actually would have engaged in negotiations over a reasonable royalty." *See Wang Lab'ys, Inc. v. Toshiba Corp.*, 991 WL 333696, at *1 (E.D. Va. Aug. 23, 1991).

events defining when Core was "liable" for infringement or when Plaintiffs were able to recover damages, but rather when the underlying infringement began. *See id.* at 75–76. Moreover, setting the date of the hypothetical negotiation to first infringement rather than liability or recoverability is "consistent with the purpose of the hypothetical negotiation framework, which seeks to discern the value of the patented technology to the parties in the marketplace when infringement began," not later. *Id.* at 76; *see id.* ("Were we to permit a later … date to serve as the hypothetical negotiation date, the damages analysis would be skewed because, as a legal construct, we seek to pin down how the prospective infringement might have been avoided via an out-of-court business solution."). Like the provisions of §§ 286 and 287 discussed in *LaserDynamics*, the bankruptcy laws may impose limitations on liability and the ability to recover damages, but they do not change the date of first infringement for purposes of the hypothetical negotiation. *See Matter of Edgeworth*, 993 F.2d 51, 53 (5th Cir. 1993) ("A discharge in bankruptcy does not extinguish the debt itself, but merely releases the debtor from personal liability for the debt."); *see also Hazelquist v. Guchi Moochie Tackle Co., Inc.*, 437 F.3d 1178, 1180 (Fed. Cir. 2006) ("a discharge in bankruptcy 'operates as an injunction against the commencement or continuation of an action ... to collect, recover or offset any such debt as a personal liability of the debtor ....'" (quoting 11 U.S.C. § 524(a)(2)).

The rule that the date of the hypothetical negotiation is the date of first infringement applies notwithstanding the characterization that "each act of patent infringement gives rise to a separate cause of action," as was stated in *Hazelquist* at 1181. Core cited *Hazelquist* in correspondence as providing guidance for the time of a hypothetical negotiation in the case of bankruptcy. *See* Ex. A. It does not. *Hazelquist* stands merely for the proposition that a party may be liable for *continuing* to infringe after emergence from bankruptcy—an issue not contested here. *See*

4

*Hazelquist*, 437 F.3d at 1180. *Hazelquist* does not suggest that bankruptcy changes the date of the hypothetical negotiation. Nor does bankruptcy (or emergence therefrom) disconnect post-bankruptcy infringement from the pre-bankruptcy date of first infringement, as Core suggests. Core also cited *Applied Medical Resources Corp. v. United States Surgical Corp.*, 435 F.3d 1356, 1364 (Fed. Cir. 2006) for the proposition that a new infringement necessarily begins post-bankruptcy (*see* Ex. A) but that too is inapposite. *Applied* distinguished infringement based on sales of separate products (a situation not present here), not an intervening event like bankruptcy. *Applied*, 435 F.3d at 1362.

Nevertheless, Core would have the Court create an exception to this rule where a defendant's bankruptcy (rather than one of the above-identified reasons) limits the recovery of damages for prior infringement, and has proposed the following distinction:

> "In [*Wang* and *LaserDymanics*], earlier infringement remained legally cognizable; only the recoverable damages were limited. Here, by contrast, any infringement predating the bankruptcy discharge has been extinguished entirely. Allowing the hypothetical negotiation to relate back to that discharged conduct would improperly reintroduce legal consequences for claims that bankruptcy law has eliminated.

Ex. A at 2. Not only is this distinction unsupported, its characterizations of the effects of bankruptcy are wrong. The bankruptcy laws do not "extinguish[]" prior acts of infringement or "discharge conduct" (whatever that means). Instead, bankruptcy operates only to "discharge" certain debts. *See* 11 U.S.C. § 1141(d)(1)(A) ("… the confirmation of a plan … discharges the debtor from any debt that arose before the date of such confirmation…"). In fact, "[a] discharge in bankruptcy does not extinguish the debt itself, but merely releases the debtor from personal liability for the debt." *Matter of Edgeworth*, 993 F.2d 51, 53 (5th Cir. 1993). The Court should decline to adopt Core's novel position.

Pre-bankruptcy facts are relevant to multiple issues in this case. For example, pre-bankruptcy facts are relevant to damages, including application of the *Georgia-Pacific* factors,

5

which are assessed as of the date of the hypothetical negotiation using the "book of wisdom." *See*, *e.g.*, *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1324 (Fed. Cir. 2009) (hypothetical negotiation "attempts to ascertain the royalty upon which the parties would have agreed had they successfully negotiated an agreement just before infringement began"); *id*. at 1333 ("factual developments occurring after the date of the hypothetical negotiation can inform the damages calculation" using the "book of wisdom"). Pre-bankruptcy facts relating to the existence of non-infringing alternatives at the time of the hypothetical negotiation are also relevant to damages. *See*, *e.g.*, *VLSI Tech. LLC v. Intel. Corp.*, 87 F.4th 1332, 1345-46 (Fed. Cir. 2023); *Brumfield v. IBG LLC*, 97 F.4th 854, 876 (Fed. Cir. 2024). Core's pre-bankruptcy behavior is also relevant to issues related to infringement, including the date of first infringement for purposes of the hypothetical negotiation (*see LaserDynamics*, 694 F.3d at 76), whether the infringement was continuous, and Core's post-bankruptcy infringement (e.g., pre-bankruptcy facts and circumstances giving rise to Core's post-bankruptcy infringement).

"The moving party bears the burden of showing that the materials and information sought are discoverable." *Serv. Companies, Inc. v. Barajas*, 2025 WL 3158367, at *2 (E.D. Tex. Nov. 12, 2025) (citation omitted). In light of the foregoing, the Court should order Core to search for and produce the clearly relevant material predating its emergence from bankruptcy. "Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, unduly burdensome or oppressive, and thus should not be permitted." *Id.* (citation omitted).

To date, Core has identified no burden in searching for documents predating its bankruptcy, nor has it demonstrated that such a burden would be undue. To the extent Core later claims that such a burden exists, the Court should require Core to file for a protective order rather than

6

requiring Malikie to seek relief a second time.

## IV.   CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court grant this Motion and order Core to make the required production without delay.

| | |
|---|---|
| Dated: February 16, 2026 | */s/ Philip J. Eklem by permission Claire Henry*<br>Philip J. Eklem – LEAD ATTORNEY<br>**REICHMAN JORGENSEN**<br>    **LEHMAN & FELDBERG LLP**<br>1909 K Street NW, Suite 800<br>Washington DC, 20006<br>Tel: (202) 894-7310<br>peklem@reichmanjorgensen.com |
| *Of Counsel*: | |
| Andrea L. Fair<br>   Texas Bar No. 24078488<br>Claire Abernathy Henry<br>   Texas State Bar No. 24053063<br>**MILLER FAIR HENRY PLLC**<br>1507 Bill Owens Pkwy.<br>Longview, TX 75604<br>Tel: (903) 757-6400<br>andrea@millerfairhenry.com<br>claire@millerfairhenry.com | Khue V. Hoang<br>**REICHMAN JORGENSEN**<br>    **LEHMAN & FELDBERG LLP**<br>650 Fifth Avenue, Suite 2320<br>New York, NY 10019<br>Tel: (212) 381-1965<br>khoang@reichmanjorgensen.com<br><br>Matthew G. Berkowitz<br>Michael M. Polka<br>**REICHMAN JORGENSEN**<br>    **LEHMAN & FELDBERG LLP**<br>100 Marine Parkway, Suite 300<br>Redwood Shores, CA 94065<br>Tel: (650) 623-1401<br>mberkowitz@reichmanjorgensen.com<br>mpolka@ reichmanjorgensen.com<br><br>*Attorneys for Plaintiffs*<br>*Malikie Innovations Ltd. and Key Patent*<br>*Innovations Ltd.* |

**CERTIFICATE OF SERVICE**

I certify that the foregoing document was filed electronically on February 16, 2026 pursuant to Local Rule CV-5(a) and has been served on all counsel who have consented to electronic service.

*/s/ Claire Abernathy Henry*
Claire Abernathy Henry

**CERTIFICATE OF CONFERENCE**

I certify that the parties complied with the meet and confer requirement pursuant to Local Rule CV-7(h) and that Defendant opposes this motion. The discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve.

*/s/ Claire Abernathy Henry*
Claire Abernathy Henry

1