**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

MALIKIE INNOVATIONS LTD. *and*
KEY PATENT INNOVATIONS LTD.,

    *Plaintiffs*,

v.

CORE SCIENTIFIC, INC.,

    *Defendant*.

§
§
§
§
§
§
§
§
§
§

CASE NO. 2:25-CV-00519-JRG-RSP

## ORDER

Before the Court is Plaintiff's Opposed Motion to Compel Production of Documents Predating Defendant's Emergence from Bankruptcy. **Dkt. No. 64**. The Motion is ripe, Dkt. No. 73, and the Court held a hearing on March 17, 2026. In the Motion, Plaintiff requests documents relevant to the hypothetical negotiation and non-infringing alternatives that existed before the bankruptcy discharge was entered, operating under a theory that the hypothetical negotiation occurred before the discharge date of the Bankruptcy, and, even if there can be no damages for the infringement before the discharge date, infringement still occurred. Dkt. No. 64 at 2–7.

In response, Defendant argues that the bankruptcy court's confirmation order discharged, as of the effective date, all claims, interests, and causes of action accruing beforehand. Dkt. No. 76 at 2 (quoting *In re Core Sci., Inc.*, No. 22-90341, Dkt. No. 1749 at Ex. A, p. 89 (Bankr. S.D. Tex. Jan. 16, 2024)). Defendant also argues that the Federal Circuit recognizes that pre-bankruptcy debts and causes of action are enjoined under *Hazelquist v. Guchi Moochie Tackle Co.*, 437 F.3d 1178, 1181 (Fed. Cir. 2006), and information related to such causes of actions should therefore be undiscoverable. Dkt. No. 76 at 2.

While the Court understands, consistent with *Hazelquist*, that the bankruptcy discharge operates to limit the damages period and causes of action accruing beforehand, the Court is

persuaded by Plaintiff's briefing, Dkt. No. 64 at 3, in view of *Wang Laboratories, Inc. v. Toshiba Corp.*, 993 F.2d 858, 870 (Fed. Cir. 1993), that thereby limiting discovery to the damages period would be reversible error. The Court instead finds that the discovery Plaintiff seeks is limited only by the ordinary principles of discovery, relevance and burden. For that reason and for the reasons provided during the hearing, the Court finds that Motion (Dkt. No. 64) should be and hereby is **GRANTED** to the extent that discovery is not limited to post-discharge information.

Accordingly, it is hereby **ORDERED** that the Parties proceed with discovery in the ordinary way they would in any other case in which the damages period were otherwise limited (e.g., by marking). If a further dispute crystallizes as to the discovery sought in this Motion (Dkt. No. 64) after good faith meeting and conferring, the Plaintiff is directed to file a renewed motion to compel, which the Court will take up promptly.

**SIGNED this 17th day of March, 2026.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE