IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| Malikie Innovations Ltd. and Key Patent Innovations Ltd.,<br><br>          Plaintiffs,<br><br>     vs.<br><br>Core Scientific, Inc.<br><br>          Defendants.<br>────────────────────────────<br>Core Scientific, Inc.<br><br>          Third-Party Plaintiffs,<br><br>     vs.<br><br>CoreWeave, Inc.<br><br>          Third-Party Defendants, | Case No. 2:25-CV-519-JRG-RSP<br><br>JURY TRIAL DEMANDED |

**DEFENDANT CORE SCIENTIFIC, INC.'S THIRD-PARTY COMPLAINT**

Pursuant to Rule 14 of the Federal Rules of Civil Procedure, Defendant and Third-Party Plaintiff Core Scientific, Inc. ("Third-Party Plaintiff" or "Core Scientific"), files this Third-Party Complaint for indemnification and contribution from Third-Party Defendant CoreWeave, Inc. (Third-Party Defendant or "CoreWeave"), averring and alleging as follows:

**NATURE OF ACTION**

1.      Plaintiffs Malikie Innovations Ltd. ("Malikie") and Key Patent Innovations Ltd. ("KPI") (collectively, "Plaintiffs") allege that Core Scientific infringes a number of patents, including, as relevant to this Third-Party Complaint, U.S. Patent No. 8,532,286 (the "'286 Patent"), entitled "System and Method for Reducing the Computation and Storage Requirements

1

for a Montgomery-Style Reduction," and U.S. Patent No. 8,712,039 (the "'039 Patent"), entitled "Efficient Implementation of Hash Algorithm on a Processor" (collectively, the "Asserted Patents"). Dkt. 52 ¶ 53. Plaintiffs allege infringement by Core Scientific based on Core Scientific's tenant CoreWeave performing high-performance computing ("HPC") in one or more of Core Scientific's data centers. Dkt. 52 ¶¶ 48, 55–56.

2.    Solely for the purpose of establishing Plaintiffs' allegations against Core Scientific in the above-captioned lawsuit, Core Scientific incorporates by reference the allegations in Plaintiffs' First Amended Complaint. Dkt. 52. Core Scientific denies the allegations in Plaintiffs' First Amended Complaint and denies any liability to Plaintiffs, but asserts that, if held liable to Plaintiffs with respect to the Asserted Patents by virtue of the HPC activities of CoreWeave, Core Scientific is entitled to indemnification from CoreWeave through one or more agreements between Core Scientific and CoreWeave by which Core Scientific grants CoreWeave a license to use Core Scientific's data center(s) for CoreWeave's HPC operations.

## PARTIES

3.    Third-Party Plaintiff Core Scientific, Inc. is a Delaware corporation with a corporate address at 838 Walker Road, Suite 21-2105, Dover, Delaware. Core Scientific's corporate headquarters are based in Miami, Florida, and its main corporate campus is in Austin, Texas. Core Scientific provides and operates dedicated "data centers" for third-party customers that focus on HPC activities such as cloud computing, machine learning, and artificial intelligence. Core Scientific refers to this as "colocation," whereby Core Scientific licenses data center space and provides power and infrastructure to its customers.

4.    On information and belief, Third-Party Defendant CoreWeave, Inc. is a Delaware corporation with a principal place of business at 290 W Mount Pleasant Ave, Suite 4100,

2

Livingston, NJ 07039. CoreWeave is an artificial intelligence ("AI") hyperscaler that provides cloud computing services and operates AI and HPC workloads utilizing NVIDIA graphics processing units ("GPUs") and data processing units ("DPUs"). Dkt. 52 ¶ 56.

5.      On February 26, 2025, Core Scientific and CoreWeave entered into an Amended and Restated Colocation License Agreement (the "Agreement"), which amends, restates, supersedes, and combines agreements dated August 2, 2024, and June 3, 2024. Pursuant to the Agreement, Core Scientific, as Licensor, provides data center space and associated digital infrastructure, including power, to CoreWeave, which then installs and operates in the data center computers, hardware, and communications equipment (the "HPC Equipment"), including NVIDIA graphics processing units ("GPUs") and data processing units ("DPUs"), for HPC operations, including AI compute workloads.

## JURISDICTION AND VENUE

6.      This is an action for patent infringement brought by Plaintiffs against Core Scientific arising under the patent laws of the United States, specifically 35 U.S.C. § 271, based in part on allegations in Plaintiffs' First Amended Complaint and infringement contentions that Core Scientific infringes the Asserted Patents because Core Scientific hosts CoreWeave's HPC Equipment, including NVIDIA DPUs and GPUs, that Plaintiffs allege infringe claims of the '286 Patent and the '039 Patent.

7.      Core Scientific's liability, if any, with respect to the Asserted Patents is based solely on the HPC Equipment owned by CoreWeave and deployed at Core Scientific's data centers. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a). This Court has subject matter jurisdiction over this third-party complaint under 28 U.S.C. §§ 1367(a) and 1332.

8.      This Court has personal jurisdiction over CoreWeave pursuant to the Texas long-arm statute because CoreWeave does business in Texas through its HPC activities in Core Scientific's data centers in Texas, including in Denton, Texas, which is within this Judicial District. Further, CoreWeave is, on information and belief, aware that the HPC devices including NVIDIA GPUs and DPUs it owns and deploys are hosted at Core Scientific's facilities in Texas, and that such devices perform the methods accused of infringing the Asserted Patents. Through the terms of the Agreement with Core Scientific, CoreWeave has committed the allegedly infringing acts asserted by Plaintiffs in their First Amended Complaint relating to the Asserted Patents.

9.      Venue is proper in this Court with respect to this third-party complaint pursuant to 28 U.S.C. § 1400 and the ancillary jurisdiction principles applicable to third-party claims under Rule 14 of the Federal Rules of Civil Procedure.

## FACTUAL ALLEGATIONS

### A.  The Underlying Patent Infringement Action

10.     On May 12, 2025, Plaintiffs filed a Complaint for Patent Infringement against Core Scientific, and subsequently filed a First Amended Complaint on November 13, 2025. Plaintiffs allege that Core Scientific infringes patents, including the Asserted Patents, through Core Scientific's bitcoin mining operations and its HPC hosting and colocation services.

11.     With respect to the '286 Patent, Plaintiffs allege that Core Scientific directly infringes, and induces and contributes to the infringement of, the '286 Patent by, *inter alia*, hosting HPC devices, such as NVIDIA DPUs and GPUs, that perform Montgomery-style reductions in cryptographic operations. Plaintiffs' infringement contentions specifically accuse NVIDIA DPUs and GPUs used in CoreWeave's HPC devices of performing Montgomery-style reduction methods when executing cryptographic functions.

4

12.    With respect to the '039 Patent, Plaintiffs allege that Core Scientific directly infringes, and induces and contributes to the infringement of, the '039 Patent by hosting HPC devices, such as NVIDIA DPUs and GPUs, that perform methods for iterating a SHA-2 family secure hash algorithm. Plaintiffs' infringement contentions specifically accuse NVIDIA DPUs and GPUs used in CoreWeave's HPC Equipment—including BlueField DPUs and GB200 NVL72 and GB300 NVL72 GPUs—of performing hash algorithm methods.

### B. Core Scientific's HPC Hosting Relationship with CoreWeave

13.    Core Scientific provides HPC hosting and colocation to CoreWeave at Core Scientific's data centers. In May 2024, Core Scientific expanded its relationship with CoreWeave to provide approximately 200 megawatts ("MW") of digital infrastructure to host CoreWeave's HPC operations. CoreWeave was also provided options to obtain approximately 500 MW of additional digital infrastructure from Core Scientific's existing facilities on similar terms.

14.    In June 2024, CoreWeave executed an option to secure an additional 70 MW of infrastructure for Core Scientific to host its HPC operations. In August 2024, CoreWeave executed another option to secure an additional 112 MW of infrastructure for Core Scientific to host its HPC operations. In October 2024, CoreWeave exercised its final option for an additional 120 MW of infrastructure for Core Scientific to host its HPC operations.

15.    In February 2025, Core Scientific and CoreWeave announced a $1.2 billion expansion at Core Scientific's Denton, Texas site, increasing CoreWeave's total contracted HPC infrastructure with Core Scientific to approximately 590 MW to meet CoreWeave's growing need for robust, high-density infrastructure to support its HPC operations. Core Scientific has announced plans to provide a total of approximately 900 MW of gross capacity to support CoreWeave's and other customers' HPC workloads.

16.    Under the Agreement, CoreWeave has installed HPC devices and equipment, including NVIDIA GPUs for HPC operations, in one or more of Core Scientific's data centers, including the Denton, Texas data center. As asserted in the Amended Complaint, CoreWeave runs AI workloads on NVIDIA GPUs including, but not limited to, NVIDIA H100, H200, GH200, B200, GB200, GB300, and RTX Pro 6000 GPUs. CoreWeave also uses NVIDIA DPUs, including BlueField DPUs, to increase the performance of its GPU compute operations.

17.    Plaintiffs' infringement contentions for the '286 and '039 Patents specifically target CoreWeave and the NVIDIA devices hosted at Core Scientific's facilities. For example, Plaintiffs cite a Core Scientific press release announcing the exercise of a final contract option for additional digital infrastructure to host high-performance computing operations. Plaintiffs' infringement contentions also cite a NetworkWorld article about "CoreWeave achiev[ing] a first with NVIDIA GB300 NVL72 deployment" and an NVIDIA customer story about "CoreWeave revolutioniz[ing] data centers with BlueField DPUs."[1]

## C.  CoreWeave's Ownership and Operation of the Accused Devices

18.    Upon information and belief, CoreWeave owns HPC devices including the accused NVIDIA GPUs and DPUs that are hosted at Core Scientific's data centers. Pursuant to the Agreement, Core Scientific grants CoreWeave a license to use Core Scientific's space for operation of CoreWeave's equipment. Core Scientific provides power, space, HVAC, and related infrastructure services pursuant to the Agreement, but does not make, use, sell, or offer for sale CoreWeave's equipment, including the accused HPC Equipment.

---

[1] https://www.networkworld.com/article/4017154/coreweave-achieves-a-first-with-nvidia-gb300-nvl72-deployment.html; https://www.nvidia.com/en-us/case-studies/core-weave-revolutionizes-data-centers-with-blufield-dpus/.

19. Under the Agreement, CoreWeave operates, controls, and directs the use of its HPC Equipment hosted at Core Scientific's facilities to perform AI and HPC workloads, including the methods that Plaintiffs allege infringe the Asserted Patents. The Agreement prohibits Core Scientific from accessing or transmitting any data stored on CoreWeave's devices. CoreWeave even maintains its own CoreWeave Premises (such as cages or rooms) within Core Scientific's facilities. CoreWeave is responsible for managing, maintaining, and operating its own security systems and operations within the Premises, including metal detection screening for persons entering and exiting the Premises where customer data bearing devices reside.

### D. CoreWeave Agreed to Indemnify Core Scientific

20. As part of Core Scientific's consideration for agreeing to provide CoreWeave with hosting services for CoreWeave's HPC devices, including CoreWeave's NVIDIA DPUs and GPUs, CoreWeave agreed to indemnify Core Scientific. In particular, the Parties' Hosting Agreement contained provisions indemnifying Core Scientific from third-party claims arising from CoreWeave's use of Core Scientific's hosting and colocation services. According to the Parties' agreement, CoreWeave is to defend, indemnify, and hold harmless Core Scientific for such third-party claims.

### E. CoreWeave's Liability for Direct Infringement

21. To the extent Plaintiffs' allegations of infringement are found to be meritorious concerning CoreWeave's operations at Core Scientific's facilities, it is CoreWeave—not Core Scientific—that would directly infringe the Asserted Patents through its ownership, operation, and use of the accused HPC Equipment at Core Scientific's facilities. CoreWeave makes, uses, and operates the accused devices to perform the functions that Plaintiffs allege infringe the Asserted Patents.

22.     Under the Agreement, Core Scientific's role is limited to providing infrastructure, power, space, HVAC, and related services, for CoreWeave's HPC Equipment. Core Scientific provides the premises, electrical power, and environmental control to the data center pursuant to the Agreement and the applicable orders, while CoreWeave owns, operates, and controls the HPC Equipment that Plaintiffs allege infringes the Asserted Patents. Any alleged infringement by Core Scientific would be, at most, derivative of and secondary to the direct infringement committed by CoreWeave through CoreWeave's operation and use of its NVIDIA devices.[2]

## COUNT I: INDEMNIFICATION

23.     Third-Party Plaintiff Core Scientific realleges and incorporates paragraphs 1–22 as if fully set forth herein.

24.     On May 12, 2025, Plaintiffs filed a Complaint against Core Scientific alleging patent infringement, and subsequently filed a First Amended Complaint on November 13, 2025. Core Scientific incorporates Plaintiffs' First Amended Complaint by reference, solely for the limited purpose of its allegations.

25.     Core Scientific denies any liability, but if Plaintiffs are successful in their claims with respect to the '286 Patent and '039 Patent relating to CoreWeave's HPC activities, Core Scientific may be held liable for the relief prayed for in Plaintiffs' First Amended Complaint solely because of the conduct of CoreWeave, namely the operation and use of HPC Equipment owned and operated by CoreWeave that are hosted at Core Scientific's data centers. Core Scientific's liability, if any, would be vicarious only and the direct and proximate result of the active and affirmative conduct on the part of CoreWeave.

---

[2]     Core Scientific denies that it can be found liable for indirect infringement stemming from any of CoreWeave's activities.

26.     Core Scientific has denied and does deny that it has infringed the Asserted Patents and/or that it is in any way liable to Plaintiffs. However, if Third-Party Plaintiff Core Scientific is held liable to Plaintiffs for patent infringement by virtue of its hosting of CoreWeave's equipment at Core Scientific's data centers, then Third-Party Defendant CoreWeave is obligated by the terms of the Agreement to defend, hold harmless, and indemnify Core Scientific, and CoreWeave will be liable to Core Scientific for all such amounts for which Core Scientific may be held liable to Plaintiffs, as well as all related costs, interest, and fees incurred including but not limited to attorneys' fees.

27.     If Core Scientific is held liable or responsible to Plaintiffs for damages arising out of infringement by CoreWeave's equipment housed at Core Scientific's data centers, such liability will be the direct and proximate result of the active and affirmative conduct of CoreWeave.

28.     Accordingly, Core Scientific is entitled to complete indemnification from CoreWeave for any damages for which Core Scientific may be found liable to Plaintiffs for infringement of the '286 and '039 patents by CoreWeave's HPC Equipment. Core Scientific is further entitled to all costs, including reasonable attorneys' fees, incurred in defending against Plaintiffs' allegations of infringement of the '286 and '039 patents by CoreWeave's HPC Equipment.

**<u>COUNT II: CONTRIBUTION</u>**

29.     Third-Party Plaintiff Core Scientific realleges and incorporates paragraphs 1–22 as if fully set forth herein.

30.     If Core Scientific is held liable to Plaintiffs for infringement of the '286 Patent and/or the '039 Patent by virtue of its hosting of CoreWeave's HPC Equipment, Core Scientific is entitled to contribution from CoreWeave, as CoreWeave is liable for the alleged infringement and all related costs, interest, and fees incurred including but not limited to attorneys' fees.

31.     Third-Party Plaintiff Core Scientific is entitled to a declaratory judgment stating the respective duties and obligations of the Third-Party Defendant CoreWeave as set forth herein.

## JURY DEMAND

32.     Core Scientific demands a trial by jury on all issues presented in this Third-Party Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Core Scientific respectfully requests that CoreWeave be summoned to appear and answer, and the Court enter judgment that:

A.     If Core Scientific is found liable to Plaintiffs for infringement of the '286 Patent and/or the '039 Patent by virtue of its hosting of CoreWeave's HPC devices including NVIDIA DPUs and GPUs, Core Scientific is entitled to indemnification and/or contribution from CoreWeave for all amounts for which Core Scientific may be held liable;

B.     Core Scientific recovers as money damages from CoreWeave all amounts Core Scientific may be required to pay to Plaintiffs in this action related to Core Scientific's HPC hosting services for CoreWeave, including but not limited to any damages, enhanced damages, royalties, interest, costs, and fees, as well as all of Core Scientific's costs, expenses, professional fees, and attorney's fees related to Plaintiffs' allegations that the HPC devices including NVIDIA DPUs and GPUs owned and used by  CoreWeave infringe the Asserted Patents;

C.     Core Scientific recovers all costs, expenses, and professional and attorneys' fees incurred in prosecution of this third-party complaint; and

D.     Core Scientific recovers such other and further relief as the Court finds just and equitable.

Dated: March 27, 2026

Respectfully submitted,

/s/ *Rex A. Mann*
Brian E. Ferguson

**KING & SPALDING LLP**
1700 Pennsylvania Avenue, NW
Suite 900
Washington, D.C. 20006
Tel: (202) 737-0500
Email: bferguson@kslaw.com

Rex A. Mann
Texas Bar No. 24075509
**KING & SPALDING LLP**
2601 Olive Street
Suite 2300
Dallas, TX 75201
Tel.: (214) 764-4600
Email: rmann@kslaw.com

John Tyler Boyce
Texas Bar No. 24127214
**KING & SPALDING LLP**
1100 Louisiana, Suite 4100
Houston, TX 77002
Tel: (713) 276-7324
Email: tboyce@kslaw.com

***Attorneys for Core Scientific, Inc.***

**CERTIFICATE OF SERVICE**

I certify that the foregoing document was filed electronically pursuant to Local Rule CV-5(a) and has been served on all counsel who have consented to electronic service.


/s/_Rex A. Mann_____
Rex A. Mann