## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| Malikie Innovations Ltd. and Key Patent Innovations Ltd., <br><br>       Plaintiffs, <br><br>   vs. <br><br> Core Scientific, Inc. <br><br>       Defendants. | Case No. 2:25-CV-519-JRG-RSP <br><br> JURY TRIAL DEMANDED |

## DEFENDANT CORE SCIENTIFIC, INC.'S OPPOSED MOTION FOR LEAVE TO SUPPLEMENT INVALIDITY CONTENTIONS

**TABLE OF CONTENTS**

I.      Introduction...............................................................................................................1

II.     Background................................................................................................................1

III.    Legal Standard ..........................................................................................................2

IV.     Argument ..................................................................................................................3

        A.      Defendant Acted Diligently ..............................................................................3

        B.      The Proposed Amendment is Important ..............................................................4

        C.      Plaintiffs Will Suffer No Prejudice....................................................................4

        D.      No continuance is required ................................................................................6

V.      Conclusion ................................................................................................................6

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adrain v. Vigilant Video, Inc., et al.*,
  No. 2:10-cv-173-JRG (E.D. Tex. May 13, 2013) ........................................................3

*Core Wireless Licensing S.A.R.L., v. LG Electronics, Inc., et al.* .....................................................3

*Estech Sys., Inc. v. Target Corp.*,
  No. 2:20-cv-00122-JRG-RSP, 2021 WL 2187978 (E.D. Tex. May 28, 2021) .....................2, 4

*Garrity Power Servs. LLC v. Samsung Elecs. Co.*,
  No. 2:20-CV-00269-JRG, 2021 WL 4894262 (E.D. Tex. Oct. 19, 2021)...........................4, 5

*Keranos, LLC v. Silicon Storage Tech., Inc.*,
  797 F.3d 1025 (Fed. Cir. 2015).....................................................................2

*S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*,
  315 F.3d 533 (5th Cir. 2003) ......................................................................2

*Varta Microbattery GmbH v. Guangdong Mic-Power New Energy Co., Ltd., et al.* ......................4

**Other Authorities**

Local Patent Rule 3-6(b).........................................................................1, 2

Local Patent Rules 3-3 and 3-4...................................................................2

i

## I.  INTRODUCTION

Defendant Core Scientific, Inc. respectfully moves for leave to serve supplemental invalidity contentions for U.S. Patent Nos. 7,372,960 (the "'960 Patent"), 8,666,062 (the "'062 Patent"), 8,788,827 (the "'827 Patent"), and 10,284,370 (the "'370 Patent"), limited to the prior art and invalidity grounds used in the *ex parte* reexaminations for those patents.[1] Plaintiffs assert infringement of, among others, the '960, '062, '827, and '370 patents in this case. The requested supplementation is narrow: Core seeks only to conform its district-court invalidity contentions to include the prior art analyses that Plaintiffs are already aware of from the USPTO reexamination record. The USPTO has now initiated *ex parte* reexamination of each of the four identified patents and in so doing found substantial new questions of patentability as to the challenged claims. Plaintiffs oppose supplementation as to the '960, '062, '827, and '370 patents, while not opposing supplementation as to a separate asserted patent also subject to reexamination, U.S. Patent No. 8,532,286 (the "'286 Patent").

Good cause exists owing to the importance of the prior art references to Defendant's case, and Local Patent Rule 3-6(b) permits amendment of invalidity contentions by order of the Court upon a showing of good cause. Further, the absence of material prejudice is especially important here, as Plaintiffs have long been aware of the art through the reexamination process, and the supplementation does not require any continuance.

## II.  BACKGROUND

Plaintiffs originally filed suit on May 12, 2025 asserting infringement of five patents relating to elliptic curve cryptography. Dkt. 1. Defendant served its invalidity contentions on September 12, 2025 in accordance with the First Amended Docket Control order. Dkt. 40.

---

[1] The references are listed in Appendix 1.

1

Plaintiffs then filed a motion for leave to amend the complaint to add new infringement allegations concerning the '286 patent and to add a sixth patent, U.S. Patent No. 8,712,039 (the "'039 Patent") which was subsequently granted on February 20, 2026. Dkts. 51, 69. The Court then entered the Second Amended Docket Control Order on March 25, 2026, setting a date for compliance with Local Patent Rules 3-3 and 3-4 (invalidity contentions) for July 1, 2026 as to the '039 Patent.

Separately, Defendant and others filed requests for *ex parte* reexamination on December 22, 2025 as to the '827 and '960 patents and January 6, 2026 as to the '370 and '062 patents. Ex. A (Excerpts of Orders Granting Reexamination). All requests for reexamination were granted by the USPTO between February 5–18, 2026. These orders confirm that Defendant's requested supplementation is targeted and important to its case.

## III.    **LEGAL STANDARD**

Local Patent Rule 3-6(b) provides that amendment or supplementation of invalidity contentions may be made only by order of the Court upon a showing of good cause. P.R. 3-6(b). Courts in this district routinely consider four factors to determine whether good cause has been shown: "(1) the explanation for the party's failure to meet the deadline, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows that thing that would be excluded, and (4) the availability of a continuance to cure such prejudice." *Estech Sys., Inc. v. Target Corp.*, No. 2:20-cv-00122-JRG-RSP, 2021 WL 2187978, at *2 (E.D. Tex. May 28, 2021) (citing *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015); *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)).

## IV.  **ARGUMENT**

### A.  *Defendant Acted Diligently*

Defendant acted reasonably diligently, seeking leave to amend only after the USPTO granted the *ex parte* reexamination requests, which is when the cited art moved from a proposed USPTO challenge to art the agency deemed sufficient to warrant reexamination of the challenged claims. The granting of the reexaminations confirmed that the references and grounds in question had patentability significance. Defendant's request is tied to an agency development in the patentability record, not a tactical attempt to sandbag Plaintiffs with new theories or prior art.

Defendant's request is not untimely because the deadline for initial invalidity contentions as to other patents is not until July 1, 2026 and the deadline for amended contentions is not until 50 days after the Court issues its claim construction ruling. Dkt. 88. Here, the *Markman* hearing is set for November 18, 2026. *Id*. Fact discovery is ongoing and does not end until February 1, 2027. *Id*. Further, Defendant requested leave to amend its contentions two and a half months from the orders granting the reexamination proceedings and five weeks after the Court entered the new Docket Control Order. *Id*; Ex. B. This Court has noted similar delays are not unreasonable. *Adrain v. Vigilant Video, Inc., et al.*, No. 2:10-cv-173-JRG (E.D. Tex. May 13, 2013) ("Adrian could not have amended its contentions to add newly-issued claims before the reexamination certificate issued, and the Court does not find that the two month interval amounts to an unreasonable delay.").

This Court has also granted requests to amend contentions in similar factual situations in cases that were much further along. In *Core Wireless Licensing S.A.R.L., v. LG Electronics, Inc., et al.*, Defendants served their initial invalidity contentions on March 23, 2015 and subsequently narrowed their elected prior art references on September 28, 2015. No. 2:14-cv-911-JRG-RSP (E.D. Tex. March 21, 2016), Dkt. 421. In that September 28 election, Defendants for the first

time disclosed three references that were not included in its initial contentions but rather utilized

art disclosed in *inter partes* reviews that had been filed September 12–26, 2015. *Id*. at 5. Further,

in *Core Wireless*, a *Markman* ruling had already been entered at the time the disputed references

were first disclosed.

Similarly, in *Varta Microbattery GmbH v. Guangdong Mic-Power New Energy Co., Ltd.,
et al.*, Defendants were granted leave to amend their invalidity combinations which was sought

due to PTAB's denial of IPR institution because of "insight revealed by the PTAB." No. 2:21-

cv-00036-JRG, Dkt. 116 at 2 (E.D. Tex. March 30, 2022). In that case, the PTAB decision was

handed down less than five weeks before expert reports were due. *Id*.

### B.  The Proposed Amendment is Important

The reexamination art is important because it goes directly to invalidity of the asserted

claims of the '960, '062, '827, and '370 patents. This Court has consistently recognized that

prior art that may invalidate asserted patent claims is important to an accused infringer's defense.

*See, e.g., Estech*, 2021 WL 2187978 at *4; *see also Garrity Power Servs. LLC v. Samsung Elecs.
Co.*, No. 2:20-CV-00269-JRG, 2021 WL 4894262, at *2 (E.D. Tex. Oct. 19, 2021).

The importance is especially clear here because the art is the same art used in *ex parte*

reexaminations concerning the very patents for which Defendant seeks supplementation, and the

USPTO has already found that the art raises substantial new questions of patentability. The

orders also identify the claims, references, and rationales for the PTO's determinations,

eliminating any plausible suggestion that Plaintiffs cannot understand the scope or importance of

the proposed supplementation. Ex. A.

### C.  Plaintiffs Will Suffer No Prejudice

This Court has found that a lack of prejudice is "fatal to [a party's] opposition." *Varta*,

Dkt. 116 at 5 (holding "Having found no material prejudice to Plaintiff, the Court sees nothing

4

related to the other factors that might argue against granting this request."). Plaintiffs' lack of prejudice is likewise fatal to any opposition it may raise.

Plaintiffs will not suffer unfair prejudice because the proposed supplementation is limited to art already made known to Plaintiffs through the *ex parte* reexamination process. This is not a request to add a sprawling set of unrelated references or undisclosed combinations. Rather, it is a narrow, targeted request to add the same categories of art that Plaintiffs have already confronted before the USPTO for the same patents. The USPTO's orders further show that the asserted references were not merely cumulative, because the Office found the references newly cited or not previously considered and important to a reasonable examiner. Ex. A.

Further, there is no prejudice to Plaintiffs because the deadline to serve initial invalidity contentions as to other patents is not until July 1, 2026 and the deadline to serve amended contentions is not until 50 days after the Court issues its claim construction ruling, and the *Markman* hearing is set for November 18, 2026. Dkt. 88. Under the current schedule, Plaintiffs can reasonably be expected to confront new art until July 1, 2026 and potentially through the end of the year depending on the content of the Court's *Markman* rulings.

The theories at issue have been known to Plaintiffs since the filing of the respective requests for reexamination on December 22, 2025 and January 6, 2026. Ex. A. As this Court noted in *Garrity*, the relevant prejudice question is whether the patentee had fair notice of the invalidity theory, not whether the patentee would prefer to avoid responding to a strengthened version of a known theory. 2021 WL 4894262 at *3. While the movant in *Garrity* waited until after fact discovery had ended to disclose the new invalidity theories that were ultimately allowed, in the present case, fact discovery does not end until February 1, 2027. *Id.*; Dkt. 88.

5

### D. *No continuance is required*

No continuance is required because Defendant's proposed supplementation is narrow, the art is already known from the reexamination proceedings, and Defendant is seeking leave in time for Plaintiffs to address the contentions in the ordinary course of the case. The case schedule also already contemplates invalidity-contention activity, including contentions for the '039 patent, and Plaintiffs agreed not to oppose supplementation for the '286 patent if served by July 1. Ex. B. The Court can therefore grant leave without altering any case deadline.

## V.    **CONCLUSION**

For the foregoing reasons, Core Scientific respectfully requests that the Court grant this motion and permit Core to serve supplemental invalidity contentions for the '960, '062, '827, and '370 patents limited to the prior art and invalidity grounds used in the *ex parte* reexaminations for those patents.

Dated: May 20, 2026

Respectfully submitted,

/s/ *Brian E. Ferguson*

Brian E. Ferguson
**KING & SPALDING LLP**
1700 Pennsylvania Avenue, NW
Suite 900
Washington, D.C. 20006
Telephone: (202) 737-0500
Email: bferguson@kslaw.com

Rex A. Mann
Texas Bar No. 24075509
**KING & SPALDING LLP**
2601 Olive Street
Suite 2300
Dallas, TX 75201
Tel.: (214) 764-4600
Email: rmann@kslaw.com

John Tyler Boyce
Texas Bar No. 24127214
**KING & SPALDING LLP**
1100 Louisiana, Suite 4100
Houston, TX 77002
Tel.: (713) 276-7324
Email: tboyce@kslaw.com

***Attorneys for Core Scientific, Inc.***

## CERTIFICATE OF CONFERENCE

I certify that counsel for Defendant conferred with counsel for Plaintiffs in a good-faith effort on May 11, 2026 to resolve the relief requested in this motion.

/s/ Brian E. Ferguson_____
Brian E. Ferguson

7

**CERTIFICATE OF SERVICE**

I certify that the foregoing document was filed electronically pursuant to Local Rule CV-5(a) and has been served on all counsel who have consented to electronic service.

/s/  Brian E. Ferguson_____
Brian E. Ferguson

## APPENDIX 1

| Patent No. | References |
|---|---|
| 7,372,960 | M. Brown et al., *Software Implementation of the NIST Elliptic Curves Over Prime Fields* |
| 8,666,062 | M. Brown et al., *Software Implementation of the NIST Elliptic Curves Over Prime Fields* |
| | IETF, *RFC 2246 - The TLS Protocol Version 1.0* |
| | IETF, *ECC Cipher Suites for TLS* |
| 8,788,827 | Certicom Research, *SEC I: Elliptic Curve Cryptography,* (Sept. 20, 2000) |
| 10,284,370 | Certicom Research, *SEC I: Elliptic Curve Cryptography,* (Sept. 20, 2000) |
| | European Patent No. 0874307 |
| | *D. Brown,* Generic Groups, Collision Resistance, and ECDSA, (Feb. 26, 2002) |