# Exhibit B

**Tyler Boyce**

| | |
|---|---|
| **From:** | Philip J. Eklem <peklem@reichmanjorgensen.com> |
| **Sent:** | Tuesday, May 5, 2026 11:38 AM |
| **To:** | Tyler Boyce; Michael Polka; RJ_Malikie-Foundry |
| **Cc:** | CoreSci_Malikie; claire |
| **Subject:** | Re: Malikie v. Core Scientific - Invalidity Contentions |

**CAUTION: MAIL FROM OUTSIDE THE FIRM**

Tyler,

Thanks for the explanation.  Malikie does not oppose the requested supplementation as to the '286 patent but maintains its opposition as to the other four Asserted Patents ('960, '062, '827, '370).  We are not available to meet and confer this Friday, but we can be available this Thursday from 10am-2:30pm ET and next Monday from 2:30-5pm ET.

Best,

Phil

Philip J. Eklem | 202.894.7451 | **Reichman Jorgensen Lehman & Feldberg LLP**

---

**From:** Tyler Boyce <TBoyce@kslaw.com>
**Sent:** Monday, May 4, 2026 3:23 PM
**To:** Philip J. Eklem <peklem@reichmanjorgensen.com>; Michael Polka <mpolka@reichmanjorgensen.com>; RJ_Malikie-Foundry <RJ_Malikie-Foundry@reichmanjorgensen.com>
**Cc:** CoreSci_Malikie <CoreSci_Malikie@KSLAW.com>; claire <claire@millerfairhenry.com>
**Subject:** RE: Malikie v. Core Scientific - Invalidity Contentions

**CAUTION: EXTERNAL SENDER**

Philip,

Core Scientific's basis to amend its contentions concerning the four listed patents is that it waited until the USPTO granted the *ex parte reexamination* requests. Further, there is a lack of prejudice to Plaintiffs owing to the amount of time left before trial and fact that the art to be used in the supplemental contentions was made known to Plaintiffs through the EPR process. If Plaintiffs still oppose the requested supplementation, please provide your availability for a meet and confer this Friday, May 8.

Best,

**J. Tyler Boyce**
*Associate*

---

Plaintiffs are not amenable to the updated contentions, please provide your availability for a meet and confer next week.

Best,

**J. Tyler Boyce**
*Associate*

T: +1 713 276 7324 | M: +1 985 264 9284 | tboyce@kslaw.com | Bio | vCard

King & Spalding LLP
1100 Louisiana
Suite 4100
Houston, TX 77002



kslaw.com

---

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy, or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message or attachments and we ask that you please comply with any additional instructions from the sender regarding deletion of messages or attachments sent in error. Click here to view our Privacy Notice.
NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.
NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

---

T: +1 713 276 7324 | M: +1 985 264 9284 | tboyce@kslaw.com | Bio | vCard

**From:** Philip J. Eklem <peklem@reichmanjorgensen.com>
**Sent:** Thursday, April 30, 2026 7:32 PM
**To:** Tyler Boyce <TBoyce@kslaw.com>; Michael Polka <mpolka@reichmanjorgensen.com>; RJ_Malikie-Foundry <RJ_Malikie-Foundry@reichmanjorgensen.com>
**Cc:** CoreSci_Malikie <CoreSci_Malikie@KSLAW.com>; claire <claire@millerfairhenry.com>
**Subject:** Re: Malikie v. Core Scientific - Invalidity Contentions

**CAUTION: MAIL FROM OUTSIDE THE FIRM**

Tyler,

We disagree that Malikie's amended infringement contentions regarding the '286 patent warrant supplemental invalidity contentions.  Nevertheless, Malikie does not oppose Core Scientific's request to serve supplemental invalidity contentions for the '286 patent, assuming it does so by July 1.

At present, Malikie opposes Core Scientific's request to supplement its invalidity contentions concerning the other four Asserted Patents ('960, '062, '827, '370).  The amendments to Malikie's complaint and infringement contentions do not implicate those patents.  What is Core Scientific's good cause basis for amending its invalidity contentions as to these patents?

Regards,

Phil

Philip J. Eklem | 202.894.7451 | **Reichman Jorgensen Lehman & Feldberg LLP**

---

**From:** Tyler Boyce <TBoyce@kslaw.com>
**Sent:** Wednesday, April 29, 2026 1:14 PM
**To:** Michael Polka <mpolka@reichmanjorgensen.com>; RJ_Malikie-Foundry <RJ_Malikie-Foundry@reichmanjorgensen.com>
**Cc:** CoreSci_Malikie <CoreSci_Malikie@KSLAW.com>; claire <claire@millerfairhenry.com>
**Subject:** RE: Malikie v. Core Scientific - Invalidity Contentions

**CAUTION: EXTERNAL SENDER**

Counsel,

Pursuant to the Second Amended DCO (Dkt. 88), Defendant has until July 1, 2026 to serve invalidity contentions concerning the '039 Patent. Given that Plaintiffs also added new infringement reads concerning the '286 Patent, Defendant believes it is entitled to serve updated invalidity contentions addressing that patent as well.

We also request Plaintiffs' permission to update the invalidity contentions concerning the other four Asserted Patents only with art utilized in the EPRs concerning each of those four respective patents. If