**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

MALIKIE INNOVATIONS LTD. *and*
KEY PATENT INNOVATIONS LTD.,

  *Plaintiffs*,

v.

CORE SCIENTIFIC, INC.,

  *Defendant*.

§
§
§
§
§
§
§
§
§
§

CASE NO. 2:25-CV-00519-JRG-RSP

## ORDER

Before the Court is Defendant Core Scientific, Inc.'s Opposed Motion for Leave to Supplement Invalidity Contentions. **Dkt. No. 101**. Leave to supplement invalidity contentions may be granted only upon a showing of good cause. P.R. 3-6(b). Courts consider four factors in evaluating good cause: (1) the explanation for the party's failure to meet the deadline, (2) the importance of the supplement, (3) the potential prejudice to the non-movant if the supplement is allowed, and (4) the availability of a continuance to cure any such prejudice. *See Estech Sys., Inc. v. Target Corp.*, No. 2:20-CV-122, 2021 WL 2187978, at \*2 (E.D. Tex. May 28, 2021) (citing *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015)); *S&W Enters., LLC v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003).

Here, upon balancing the factors in view of the Parties' briefing, the Court finds good cause to allow Defendant's requested supplement. While untimely, the importance of the supplement (in view of the PTO's institution of EPR related to the references now sought to be added) outweighs the showing of prejudice by Plaintiffs. Though the Court acknowledges that the sought supplement is not in response to Plaintiffs' recent amendment to add a newly issued patent, the fact that a five-month continuance resulted from that addition reduces any prejudice to Plaintiffs. In other words, there is sufficient time in the schedule to address that prejudice. Fact discovery does not close until

February of 2027. The Court therefore finds that the Motion should be and hereby is **GRANTED**.

Accordingly, it is

      **ORDERED** that Defendant has leave to serve its supplemental invalidity contentions for the '960, '062, '827, and '370 Patents, adding the prior art references listed in Appendix 1 to the Motion, within seven (7) days of this Order.

      **SIGNED this 7th day of June, 2026.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE