IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MALIKIE INNOVATIONS LTD. and KEY PATENT INNOVATIONS LTD., <br><br> Plaintiffs, <br><br> v. <br><br> CORE SCIENTIFIC, INC. and COREWEAVE, INC., <br><br> Defendants. | Civil Action No: 2:25-cv-519-JRG-RSP <br><br> PATENT CASE <br><br> JURY TRIAL DEMAND |
| CORE SCIENTIFIC, INC., <br><br> Defendant and Third-Party Plaintiff, <br><br> v. <br><br> COREWEAVE, INC., <br><br> Third-Party Defendant. | |

**DEFENDANT AND THIRD-PARTY DEFENDANT COREWEAVE, INC.'S ANSWER
TO CORE SCIENTIFIC, INC.'S THIRD-PARTY COMPLAINT (DKT. 89)**

Defendant and Third-Party Defendant CoreWeave, Inc. ("CoreWeave"), by and through

its attorneys, answers the Third-Party Complaint ("Third-Party Complaint") of Defendant and

Third-Party Plaintiff Core Scientific, Inc. ("Core Scientific") as follows:

CoreWeave denies all allegations and claims in the Third-Party Complaint unless

expressly admitted in the following paragraphs. Any factual allegations admitted below are

admitted only as to the specific admitted facts, and not as to any purported conclusions,

characterizations, implications, or speculations that might follow. To the extent a response is

required and not explicitly given here, CoreWeave denies such allegations.

1

CoreWeave's responses are made solely with respect to the Third-Party Complaint and are not, and shall not be construed as, admissions of any kind in connection with the claims asserted by Plaintiffs Malikie Innovations Ltd. and Key Patent Innovations Ltd. (collectively, "Plaintiffs"), all of which CoreWeave expressly denies.

The headings used in the Third-Party Complaint are reproduced below for organizational convenience only; CoreWeave does not admit any allegation, characterization, or implication contained in any heading and denies each to the extent a response is deemed required.

CoreWeave responds to the numbered paragraphs of the Third-Party Complaint as follows:

## NATURE OF ACTION

1. Paragraph 1 of the Third-Party Complaint purports to describe allegations made by Plaintiffs against Core Scientific concerning U.S. Patent Nos. 8,532,286 (the "'286 Patent") and 8,712,039 (the "'039 Patent") (collectively, the "Asserted Patents"). CoreWeave lacks knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations against Core Scientific, and on that basis, denies any allegations in Paragraph 1 of the Third-Party Complaint.

2. Paragraph 2 of the Third-Party Complaint purports to incorporate by reference allegations from Plaintiffs' First Amended Complaint solely for purposes of describing Plaintiffs' allegations against Core Scientific. CoreWeave lacks knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations against Core Scientific, and on that basis, denies them. CoreWeave denies that Core Scientific is entitled to indemnification from CoreWeave under any agreement between Core Scientific and CoreWeave. CoreWeave

denies the remaining allegations and characterizations in Paragraph 2 of the Third-Party Complaint.

## PARTIES

3.     In Paragraph 3 of the Third-Party Complaint, Core Scientific purports to identify itself as a Delaware corporation and provides data center and colocation services to customers. CoreWeave lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Core Scientific's corporate address, headquarters, main corporate campus, and the full scope of Core Scientific's business operations, and on that basis, denies those allegations. CoreWeave denies any remaining allegations in Paragraph 3 of the Third-Party Complaint.

4.     CoreWeave admits that it is a Delaware Corporation with a principal place of business at 290 W Mount Pleasant Ave, Suite 4100, Livingston, NJ 07039. CoreWeave admits that it provides certain cloud computing services and that its computing infrastructure includes certain NVIDIA graphics processing units and data processing units. CoreWeave denies any remaining allegations and characterizations in Paragraph 4 of the Third-Party Complaint.

5.     CoreWeave admits that it and Core Scientific entered into an Amended and Restated Colocation License Agreement (the "Agreement") dated February 26, 2025. CoreWeave states that the Agreement speaks for itself, and denies any allegation in Paragraph 5 inconsistent with the Agreement's terms. CoreWeave denies that it has committed or is committing any acts of infringement in this District or anywhere else. CoreWeave denies that Core Scientific is entitled to any of the relief requested in the Third-Party Complaint. CoreWeave denies any remaining allegations and characterizations in Paragraph 5 of the Third-Party Complaint.

## JURISDICTION AND VENUE

6.    Paragraph 6 of the Third-Party Complaint states legal conclusions and characterizations to which no response is required. To the extent a response is required, CoreWeave admits that Plaintiffs' First Amended Complaint purports to assert claims for patent infringement against Core Scientific arising under the patent laws of the United States. CoreWeave lacks knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations against Core Scientific, and on that basis denies them and denies any remaining allegations in Paragraph 6.

7.    Paragraph 7 states legal conclusions and characterizations to which no response is required. To the extent a response is required, CoreWeave admits that Core Scientific purports to invoke this Court's subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 1367(a), and 1332. CoreWeave denies that Core Scientific's liability, if any, is based solely on CoreWeave's equipment or activities, and denies any remaining allegations in Paragraph 7.

8.    Paragraph 8 states legal conclusions and characterizations concerning personal jurisdiction to which no response is required. To the extent a response is required, CoreWeave does not contest, for purposes of this action only, that this Court has personal jurisdiction over CoreWeave. CoreWeave denies that it has committed or is committing any act of infringement in this District or anywhere else. CoreWeave denies that Core Scientific's liability, if any, is based solely on CoreWeave's equipment or activities. CoreWeave denies that Core Scientific is entitled to any of the relief requested in the Third-Party Complaint. CoreWeave denies any remaining allegations in Paragraph 8.

9.    Paragraph 9 states legal conclusions concerning venue to which no response is required. To the extent a response is required, CoreWeave does not contest, for purposes of this action only,  that venue is proper in this District in this case but denies that venue is convenient

4

in this case. CoreWeave denies that it has committed or is committing acts of infringement in this District or anywhere else. CoreWeave denies that Core Scientific's liability, if any, is based solely on CoreWeave's equipment or activities. CoreWeave denies that Core Scientific is entitled to any of the relief requested in the Third-Party Complaint. CoreWeave denies any remaining allegations in Paragraph 9.

## FACTUAL ALLEGATIONS

### A.      The [Alleged] Underlying Patent Infringement Action

10.      CoreWeave admits that Plaintiffs filed a Complaint for Patent Infringement against Core Scientific on or about May 12, 2025, and a First Amended Complaint on or about November 13, 2025. CoreWeave states that Plaintiffs' pleadings speak for themselves. CoreWeave lacks knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations against Core Scientific, and on that basis, denies the remaining allegations in Paragraph 10. CoreWeave denies that CoreWeave infringes any valid and enforceable claim of any Asserted Patent, and denies any characterization of infringement.

11.      Paragraph 11 purports to characterize allegations and infringement contentions made by Plaintiffs. CoreWeave states that Plaintiffs' pleadings and infringement contentions speak for themselves. CoreWeave lacks knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations and infringement contentions against Core Scientific concerning the '286 Patent, and on that basis denies them. CoreWeave denies that any equipment or activity of CoreWeave infringes any valid and enforceable claim of the '286 Patent.

12.      Paragraph 12 purports to characterize allegations and infringement contentions made by Plaintiffs. CoreWeave states that Plaintiffs' pleadings and infringement contentions speak for themselves.  CoreWeave lacks knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations and infringement contentions against Core Scientific

concerning the '039 Patent, and on that basis denies them. CoreWeave denies that any equipment or activity of CoreWeave infringes any valid and enforceable claim of the '039 Patent.

**B.    *[Alleged] Core Scientific's HPC Hosting Relationship with CoreWeave***

13.    CoreWeave admits that Core Scientific provides certain data center colocation services to CoreWeave at certain Core Scientific's facilities pursuant to one or more written agreements.  To the extent Paragraph 13 purports to characterize the terms of any agreement between CoreWeave and Core Scientific, or paraphrase any public document or statement made either by CoreWeave or Core Scientific, CoreWeave states that the relevant documents speak for themselves.  CoreWeave denies the remaining allegations of Paragraph 13 of the Third-Party Complaint.

14.    To the extent Paragraph 14 purports to describe the terms of any agreement or option between CoreWeave and Core Scientific, or paraphrase any public document or statement made either by CoreWeave or Core Scientific, CoreWeave states that the relevant documents speak for themselves.  CoreWeave denies the remaining allegations of Paragraph 14 of the Third-Party Complaint.

15.    CoreWeave admits that, in February 2025, Core Scientific and CoreWeave announced a $1.2 billion expansion at Core Scientific's Denton, Texas site. To the extent Paragraph 15 purports to characterize the terms of any agreement between CoreWeave and Core Scientific, or paraphrase any public statement made either by CoreWeave or Core Scientific, CoreWeave states that the relevant documents speak for themselves.  CoreWeave lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15, and on that basis denies those allegations.

16.     To the extent Paragraph 16 purports to describe the terms of any agreement between CoreWeave and Core Scientific, or paraphrase any public document or statement made either by CoreWeave or Core Scientific, CoreWeave states that the relevant documents speak for themselves. CoreWeave denies that any equipment identified in Paragraph 16 infringes any valid and enforceable claim of the Asserted Patents. CoreWeave lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16, and on that basis denies those allegations.

17.     To the extent Paragraph 17 of the Third-Party Complaint purports to characterize or paraphrase Plaintiffs' infringement contentions and any public material, CoreWeave states that the relevant documents speak for themselves. CoreWeave lacks knowledge or information sufficient to form a belief as to the truth of Core Scientific's characterization of Plaintiffs' infringement contentions, and on that basis, denies all such allegations.  CoreWeave denies any remaining allegations in Paragraph 17.

### C.     [Alleged] CoreWeave's Ownership and Operation of the Accused Devices

18.     CoreWeave denies that it owns the accused NVIDIA GPUs and DPUs hosted at certain Core Scientific's data centers, and states that ownership of such equipment is subject to other contractual arrangements. To the extent this paragraph purports to paraphrase or characterize the contents of a written document, the document speaks for itself, and therefore no response is necessary.  CoreWeave denies the remaining allegations in Paragraph 18 of the Third-Party Complaint.

19.     CoreWeave admits that it operates certain equipment used in connection with its business but denies that such operation infringes any valid and enforceable claim of the Asserted Patents. To the extent this paragraph purports to paraphrase or characterize the contents of a

written document, the document speaks for itself, and therefore no response is necessary. CoreWeave denies the remaining allegations in Paragraph 19 of the Third-Party Complaint.

### D. Core Weave [Allegedly] Agreed to Indemnify Core Scientific

20. Paragraph 20 states legal conclusions and characterizations of the parties' agreement(s) to which no response is required. To the extent a response is required, CoreWeave states that any agreement between the parties is a written instrument that speaks for itself. CoreWeave denies that it is obligated to defend, indemnify, hold harmless Core Scientific with respect to the claims asserted by Plaintiffs in this action. CoreWeave denies the remaining allegations of Paragraph 20.

### E. CoreWeave's [Alleged] Liability for Direct Infringement

21. Paragraph 21 of the Third-Party Complaint states legal conclusions and characterizations to which no response is required. To the extent a response is required, CoreWeave denies that Plaintiffs' allegations of infringement are meritorious and denies that CoreWeave directly infringes any valid and enforceable claim of the Asserted Patents. CoreWeave denies the remaining allegations of Paragraph 21.

22. Paragraph 22 of the Third-Party Complaint states legal conclusions and characterizations to which no response is required. To the extent a response is required, CoreWeave admits that it owns and operates its own computing equipment, but denies that any such equipment infringes any valid and enforceable claim of the Asserted Patents. To the extent Paragraph 22 purports to describe any agreement between the parties, the agreement(s) speak for themselves. As to the allegations characterizing Core Scientific's own role and conduct, CoreWeave lacks knowledge or information sufficient to form a belief and on that basis denies them. CoreWeave denies that any infringement of the Asserted Patents has occurred, and denies

8

that any liability of Core Scientific would be "derivative of and secondary to" any direct infringement by CoreWeave. CoreWeave denies the remaining allegations of Paragraph 22.

## COUNT I: INDEMNIFICATION

23.    CoreWeave repeats and incorporates by reference its responses to Paragraphs 1 through 22 as if fully set forth herein.

24.    CoreWeave admits that Plaintiffs filed a Complaint against Core Scientific alleging patent infringement on or about May 12, 2025, and a First Amended Complaint on or about November 13, 2025, and that Core Scientific purports to incorporate Plaintiffs' First Amended Complaint by reference. CoreWeave denies any remaining allegations in Paragraph 24.

25.    Paragraph 25 of the Third-Party Complaint states legal conclusions and characterizations to which no response is required. To the extent a response is required, CoreWeave denies that any conduct of CoreWeave constitutes active or affirmative conduct giving rise to liability or to any duty to indemnify. CoreWeave denies any remaining allegations in Paragraph 25.

26.    Paragraph 26 of the Third-Party Complaint states legal conclusions and characterizations to which no response is required. To the extent a response is required, CoreWeave admits that Core Scientific denies liability to Plaintiffs. CoreWeave denies that it is obligated to indemnify, defend, hold harmless, reimburse, or otherwise compensate Core Scientific for the claims asserted by Plaintiffs or for the relief sought in the Third-Party Complaint. CoreWeave denies any remaining allegations in Paragraph 26.

27.    Paragraph 27 of the Third-Party Complaint states legal conclusions and characterizations to which no response is required. To the extent a response is required,

CoreWeave denies that any liability or responsibility of Core Scientific would be the direct or proximate result of CoreWeave's conduct. CoreWeave denies any remaining allegations in Paragraph 27.

28.     Paragraph 28 of the Third-Party Complaint states legal conclusions and requests for relief to which no response is required. To the extent a response is required, CoreWeave denies that Core Scientific is entitled to indemnification, costs, attorneys' fees, or any other relief from CoreWeave.

## COUNT II: CONTRIBUTION

29.     CoreWeave repeats and incorporates by reference its responses to Paragraphs 1 through 22 as if fully set forth herein.

30.     Paragraph 30 of the Third-Party Complaint states legal conclusions and characterizations to which no response is required. To the extent a response is required, CoreWeave denies liability and denies that Core Scientific is entitled to contribution from CoreWeave. CoreWeave denies any remaining allegations in Paragraph 30.

31.     CoreWeave denies the allegations of Paragraph 31 of the Third-Party Complaint, including that Core Scientific is entitled to a declaratory judgment.

## JURY DEMAND

32.     CoreWeave is not required to provide a response to Core Scientific's request for trial by jury.

## RESPONSE TO PRAYER FOR RELIEF

CoreWeave denies that Core Scientific is entitled to any of the relief requested in the unnumbered "Prayer for Relief" paragraphs (including subparagraphs A through D) following Paragraph 32 of the Third-Party Complaint, or to any relief whatsoever, whether against

10

CoreWeave or otherwise. CoreWeave specifically denies that Core Scientific is entitled to indemnification or contribution from CoreWeave; to any money damages, enhanced damages, royalties, interest, costs, or fees; to any costs, expenses, professional fees, or attorneys' fees, or to any other or further relief. To the extent any allegation in the Third-Party Complaint is not specifically admitted herein, it is denied.

## DEFENSES

Without admitting any allegation of the Third-Party Complaint, and without assuming any burden of proof that it would not otherwise bear, CoreWeave asserts the following defenses. CoreWeave reserves the right to amend this Answer to add additional Affirmative Defenses consistent with the facts discovered in this case.

## First Defense

CoreWeave has not infringed and does not infringe, either directly or indirectly, literally or under the doctrine of equivalents, and under no theory of infringement, any valid and enforceable claim of U.S. Patent Nos. 8,532,286 and 8,712,039 (the "Asserted Patents"). In the absence of any underlying infringement by CoreWeave, Core Scientific's claims for indemnification and contribution fail as a matter of law.

## Second Defense

Each asserted claim of the Asserted Patents is invalid for failure to comply with one or more of the requirements of Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## Third Defense

Core Scientific's indemnification claims are barred, in whole or in part, because CoreWeave has no obligation to defend, indemnify, hold harmless, reimburse, or otherwise

11

compensate Core Scientific for the claims, damages, fees, costs, or other relief sought in the Third-Party Complaint.

### Fourth Defense

Core Scientific's contribution claims are barred, in whole or in part, because Core Scientific has not established, and cannot establish, any legal basis for contribution from CoreWeave for the patent infringement claims asserted by Plaintiffs against Core Scientific.

### Fifth Defense

Core Scientific's contribution claims are barred, in whole or in part, because there is no federal common-law right of contribution among alleged joint tortfeasors absent statutory creation

### Sixth Defense

The Third-Party Complaint fails to state a claim upon which relief can be granted, in whole or in part.

### Seventh Defense

Core Scientific's claims for indemnification and contribution are barred or reduced, in whole or in part, to the extent that any liability of Core Scientific arises from Core Scientific's own independent acts, omissions, products, services, or conduct—including, without limitation, Core Scientific's own activities separately accused by Plaintiffs—which are independent of, and not attributable to, CoreWeave and which fall outside the scope of any indemnity or contribution obligation owed by CoreWeave.

### Eighth Defense

Core Scientific's indemnification claim is barred, in whole or in part, because the indemnification, defense, and hold-harmless provisions of the parties' agreement(s) do not

encompass, and were not intended to encompass, third-party claims of patent infringement of the nature asserted by Plaintiffs in this action.

### Ninth Defense

Core Scientific's indemnification claim is barred, in whole or in part, by its failure to satisfy one or more conditions precedent to any indemnity obligation under the parties' agreement(s), including without limitation any requirements concerning timely notice, tender of defense, cooperation, control of the defense and settlement, and other procedural and substantive prerequisites set forth in the operative agreement(s).

### Tenth Defense

Core Scientific's claims are barred or limited, in whole or in part, by the express terms of the parties' agreement(s), including without limitation any provisions limiting or excluding liability, waiving consequential, incidental, indirect, special, or punitive damages, capping aggregate liability, allocating risk, and/or carving out intellectual-property or other claims from indemnification.

### Eleventh Defense

Core Scientific's claims are barred or reduced, in whole or in part, by its failure to take reasonable steps to mitigate, minimize, or avoid its alleged damages.

### Twelfth Defense

To the extent Core Scientific is entitled to any recovery, which CoreWeave denies, any such recovery must be reduced or offset by amounts owed by Core Scientific to CoreWeave and by Core Scientific's own breaches, fault, and independent conduct.

### Thirteenth Defense

Core Scientific's claims are barred or reduced, in whole or in part, by Core Scientific's own prior material breach of the parties' agreement(s) and/or by the doctrine of unclean hands, to the extent Core Scientific has failed to perform its own obligations under the operative agreement(s).

### Fourteenth Defense

To the extent Core Scientific's claims depend upon Plaintiffs' recovery against Core Scientific, any such recovery, and therefore any derivative indemnification or contribution, is barred or limited by the limitations on damages and recovery set forth in 35 U.S.C. §§ 286 and 287, and by any other applicable limitation on the recovery of damages.

### Fifteenth Defense

To the extent Core Scientific seeks to recover enhanced damages or attorneys' fees derived from any finding of willfulness or exceptional-case status, such recovery is barred because there has been no willful infringement and this is not an exceptional case under 35 U.S.C. §§ 284 or 285.

### Reservation of Rights

CoreWeave reserves the right to assert additional defenses, affirmative defenses, counterclaims, cross-claims, and third-party claims as they become known through discovery or otherwise, and reserves the right to amend this Answer accordingly. CoreWeave does not knowingly or intentionally waive any applicable defense.

### PRAYER FOR RELIEF

WHEREFORE, CoreWeave respectfully requests that the Court enter judgment in its favor and against Core Scientific as follows:

14

A. That Core Scientific take nothing by its Third-Party Complaint;

B. That the Third-Party Complaint be dismissed in its entirety, with prejudice;

C. That judgment be entered in favor of CoreWeave on each of Core Scientific's claims for indemnification and contribution;

D. That the Court declare that CoreWeave owes no duty to defend, indemnify, hold harmless, or contribute to Core Scientific with respect to the claims asserted by Plaintiffs in this action; and

E. That CoreWeave be awarded such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, CoreWeave demands a trial by jury on all issues so triable.

Dated: June 15, 2026

Respectfully submitted,

By:  /s/ Adam J. Kessel
Ricardo J. Bonilla
Texas Bar No. 24082704
rbonilla@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, Texas 75201
(214) 747-5070 (Telephone)
(214) 747-2091 (Facsimile)

Eli Svetlov
Texas Bar No. 24106483
svetlov@fr.com
Nicholas J. Valencia
Texas Bar No. 24149774
valencia@fr.com
**FISH & RICHARDSON P.C.**
909 Fannin St., Suite 2100
Houston, Texas 77010
(713) 654-5300 (Telephone)
(713) 652-0109 (Facsimile)

Adam J. Kessel
Massachusetts Bar No. 661211
kessel@fr.com
**FISH & RICHARDSON P.C.**
One Marina Park Drive
Boston, MA 02210
Tel: (617) 542-5070
Fax: (617) 542-8906

***Counsel for Defendant and Third-Party Defendant CoreWeave, Inc.***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on June 15, 2026 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

/s/ Adam J. Kessel
Attorney Name

16