# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| MALIKIE INNOVATIONS LTD. and KEY PATENT INNOVATIONS LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>CORE SCIENTIFIC, INC. and COREWEAVE, INC.,<br><br>Defendants. | Civil Action No: 2:25-cv-519-JRG-RSP<br><br>PATENT CASE<br><br>JURY TRIAL DEMANDED |
| CORE SCIENTIFIC, INC.,<br><br>Defendant and Third-Party Plaintiff,<br><br>v.<br><br>COREWEAVE, INC.,<br><br>Third-Party Defendant. | |

**DEFENDANT AND THIRD-PARTY DEFENDANT COREWEAVE, INC.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 35 U.S.C. § 101 AND JOINDER IN DEFENDANT CORE SCIENTIFIC, INC.'S SECOND RENEWED <u>MOTION TO DISMISS</u>**

## TABLE OF CONTENTS

I.     INTRODUCTION ................................................................................................. 1

II.    STATEMENT OF THE ISSUE TO BE DECIDED.......................................................... 2

III.   COREWEAVE JOINS CORE SCIENTIFIC'S MOTION TO DISMISS AS TO THE '960, '062, AND '286 PATENTS ............................................................................... 2

IV.   COREWEAVE TAKES NO POSITION ON THE '827, '370 PATENTS, DOES NOT ADDRESS THE '039 PATENT HERE, AND RESERVES ALL RIGHTS...................... 2

V.    CONCLUSION.................................................................................................... 3

## I.       INTRODUCTION

Plaintiffs Malikie Innovations Ltd. and Key Patent Innovations Ltd. ("Plaintiffs") added CoreWeave, Inc. ("CoreWeave") to this case as a co-defendant in their Second Amended Complaint (Dkt. 105) and accuse it of infringing four of the six patents asserted against the original defendant, Core Scientific, Inc. ("Core Scientific"). Core Scientific's Second Renewed Motion to Dismiss under Rule 12(b)(6) and 35 U.S.C. § 101, filed concurrently herewith (the "Core Scientific Motion"), shows that the claims of three of those patents asserted against CoreWeave—U.S. Patents 7,372,960, 8,666,062, and 8,532,286 (the "'960, '062, and '286 Patents")—recite nothing more than patent-ineligible mathematical algorithms run on generic computers. The accused infringer's identity does not change that analysis, which the Court can decide now, on the pleadings, without discovery or claim construction.

CoreWeave therefore joins the Core Scientific Motion as to the '960, '062, and '286 Patents and respectfully asks the Court to dismiss with prejudice Plaintiffs' claims that CoreWeave infringes them.

The Core Scientific Motion does not address U.S. Patent 8,712,039 (the "'039 Patent")—the fourth patent asserted against CoreWeave—and this Motion likewise does not present argument concerning the '039 Patent. CoreWeave has pled invalidity of the '039 Patent, and nothing in this Motion is intended to concede or waive any argument, defense, or position as to the '039 Patent. CoreWeave reserves all rights, defenses, and arguments as to that patent. Plaintiffs assert the remaining two patents, U.S. Patents 8,788,827 and 10,284,370 (the "'827 and '370 Patents"), against Core Scientific only; CoreWeave does not join the portions of the Core Scientific Motion directed to those patents and takes no position on them.

## II.    STATEMENT OF THE ISSUE TO BE DECIDED

Whether the claims of the '960, '062, and '286 Patents directed to performing mathematical algorithms—that may include using generic computers to perform the algorithms, and/or perform the algorithms for use in the cryptography field—are directed to non-statutory subject matter and as such should be held invalid under 35 U.S.C. § 101?

## III.    COREWEAVE JOINS CORE SCIENTIFIC'S MOTION TO DISMISS AS TO THE '960, '062, AND '286 PATENTS

Because patent eligibility turns on the asserted claims rather than the accused infringer or the infringement theory, Core Scientific's § 101 analysis applies with equal force to CoreWeave. The '960 and '062 Patents claim a method for finite-field calculations, and the '286 Patent a method for Montgomery-style modular reduction—each directed to an abstract mathematical formula at *Alice* step one, and each adding no inventive concept at step two beyond running the math on a generic "processor." *Alice Corp. v. CLS Bank Int'l*, 573 U.S. 208, 217–18 (2014).

CoreWeave therefore adopts and incorporates by reference Sections I, II, III.A, III.C, IV, V, VII, and VIII of the Core Scientific Motion—and the authorities cited there—as to the '960, '062, and '286 Patents, and seeks the same relief: dismissal under Rule 12(b)(6).

## IV.    COREWEAVE TAKES NO POSITION ON THE '827, '370 PATENTS, DOES NOT ADDRESS THE '039 PATENT HERE, AND RESERVES ALL RIGHTS

CoreWeave does not join the portions of the Core Scientific Motion addressing U.S. Patent 8,788,827 and 10,284,370—Sections III.B and VI—and takes no position on those patents. U.S. Patent 8,712,039, which is also asserted against CoreWeave but is not addressed by the Core Scientific Motion is likewise not addressed by this Motion. CoreWeave has pled invalidity of the '039 Patent, and nothing here concedes or waives any issue concerning the eligibility, validity, enforceability, or infringement of the '827, '370, or '039 Patents. CoreWeave reserves all rights, defenses, and arguments as to these patents for the appropriate time.

2

## V.    CONCLUSION

The Court should grant the Core Scientific Motion as to the '960, '062, and '286 Patents

and dismiss with prejudice Plaintiffs' claims that CoreWeave infringes those patents.


Dated: June 24, 2026                            Respectfully submitted,


                                       By:   */s/ Adam J. Kessel*
                                             Ricardo J. Bonilla
                                             Texas Bar No. 24082704
                                             rbonilla@fr.com
                                             **FISH & RICHARDSON P.C.**
                                             1717 Main Street, Suite 5000
                                             Dallas, Texas 75201
                                             (214) 747-5070 (Telephone)
                                             (214) 747-2091 (Facsimile)

                                             Eli Svetlov
                                             Texas Bar No. 24106483
                                             svetlov@fr.com
                                             Nicholas J. Valencia
                                             Texas Bar No. 24149774
                                             valencia@fr.com
                                             **FISH & RICHARDSON P.C.**
                                             909 Fannin St., Suite 2100
                                             Houston, Texas 77010
                                             (713) 654-5300 (Telephone)
                                             (713) 652-0109 (Facsimile)

                                             Adam J. Kessel
                                             Massachusetts Bar No. 661211
                                             kessel@fr.com
                                             **FISH & RICHARDSON P.C.**
                                             One Marina Park Drive
                                             Boston, MA 02210
                                             Tel: (617) 542-5070
                                             Fax: (617) 542-8906

                                             ***Counsel for Defendant and Third-Party Defendant
                                             CoreWeave, Inc.***

3

**CERTIFICATE OF COMPLIANCE WITH THE COURT'S**
**35 U.S.C. § 101 MOTION PRACTICE ORDER**

_____ The parties **agree** that prior claim construction is not needed to inform the Court's

analysis as to patentability.

___X___ The parties **disagree** on whether prior claim construction is not needed to inform the

Court's analysis as to patentability.

/s/ Adam J. Kessel
Adam J. Kessel

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing document has been served on

counsel of record, who are deemed to have consented to electronic service, on June 24, 2026 via

electronic filing using the Court's CM/ECF system.


*/s/ Adam J. Kessel*
Adam J. Kessel